Prepared by:
DAVID A. NICOLETTE, ESQ. (2087)

NICOLETTE & PERKINS, P.A.
3 University Plaza
Fifth Floor, Suite 503
Hackensack, New Jersey 07601
201-488-9080
Attorneys for Appellant/Defendant/
Counterclaimant/Cross-Claimant/
Third-Party Plaintiff,
Engineered Devices Corporation

```
------------------------------x   UNITED STATES DISTRICT COURT
In Re:                        :   EASTERN DISTRICT OF NEW YORK
                              :
CARLTON CONCRETE CORPORATION  :   U.S.D.C. Case No.:08cv242-JFB
d/b/a M.D. CONSTRUCTION       :
CORP.,                        :   On Appeal From:
                              :   United States Bankruptcy Court
              Debtor.         :   Eastern District of New York
------------------------------x
CARLTON CONCRETE CORPORATION  :   Sat Below:
d/b/a M.D. CONSTRUCTION       :   Honorable Joel B. Rosenthal,
CORP.,                        :   U.S.B.J.
              Plaintiff,      :   Chapter 11 Proceeding
                              :   Case No. 04-86237 (JBR)
       v.                     :   Adv. Pro.  No. 05-8656 (JBR)
                              :
30 MAIN CONSTRUCTION CO.,     :
INC., 125 COURT STREET, LLC,  :
ENGINEERED DEVICES CORP.,     :
JOHN DOE ONE through JOHN     :
DOE ONE HUNDRED, ET AL.       :
                              :
              Defendants.     :
------------------------------x
ENGINEERED DEVICES           :
CORPORATION,                 :
                             :
              Third-Party    :
              Plaintiff,     :
       v.                    :
                             :
TWO TREES MANAGEMENT         :
COMPANY,                     :
              Third-Party    :
              Defendant.     :
------------------------------x
```

```
ENGINEERED DEVICES CORPORATION:
                                :
               Appellant,       :
      v.                        :
                                :
CARLTON CONCRETE CONSTRUCTION   :
d/b/a M.D. CONSTRUCTION CORP.,  :
30 MAIN CONSTRUCTION CO.,INC.,  :
125 COURT STREET, LLC., THE     :
BANK OF NEW YORK COMPANY,INC.,  :
and TWO TREES MANAGEMENT CO.,   :
                                :
               Appellees.       :
----------------------------x
```

**BRIEF OF APPELLANT/DEFENDANT/COUNTERCLAIMANT/CROSS-CLAIMANT/THIRD-PARTY PLAINTIFF, ENGINEERED DEVICES CORPORATION**

<u>**Of Counsel and on the Brief**</u>:

David A. Nicolette, Esq.

<u>**On the Brief:**</u>

John D. Giampolo, Esq.

## TABLE OF CONTENTS

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . - iv -

BASIS OF APPELLATE JURISDICTION . . . . . . . . . . . . . . . 1

STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . . . 1

STANDARD OF APPELLATE REVIEW . . . . . . . . . . . . . . . . 5

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . 7

LEGAL ARGUMENT

    POINT I . . . . . . . . . . . . . . . . . . . . . . . . 20

THE BANKRUPTCY COURT ERRED AS A MATTER OF LAW AND FACT AND ABUSED ITS DISCRETION BY FAILING TO GRANT APPELLANT'S OCTOBER 22, 2007 MOTION, BROUGHT UNDER FED. R. BANKR. P. 9024 AND 11 U.S.C. § 350(b), TO MODIFY THE LANGUAGE OF THE JUNE 14, 2007 ORDER, WHICH APPROVED THE STIPULATION ENTERED BETWEEN THE CHAPTER 11 DEBTOR AND THE NON-DEBTOR APPELLEES FOR SETTLEMENT OF THE LITIGATION BETWEEN THE PLAINTIFF/DEBTOR AND THE NON-DEBTOR/APPELLEES AND ALL SUBCONTRACTORS CONTRACTED UNDER THE PLAINTIFF, TO MAKE THE LANGUAGE AND RELIEF IN THE ORDER NO BROADER THAN THAT CONTAINED IN THE STIPULATION AND, THEREBY, TO PREVENT THE ORDER FROM ENJOINING AND DISCHARGING APPELLANT'S STATE LAW TORT CLAIMS AGAINST THE NON-DEBTOR APPELLEES, WHICH ARE NOT RELATED TO THE DEBTOR'S BANKRUPTCY, ARE NOT PART OF THE LITIGATION SETTLED BETWEEN THE PLAINTIFF/DEBTOR AND NON-DEBTOR APPELLEES, AND WERE NEVER INTENDED BY THE PLAINTIFF/DEBTOR TO BE ENJOINED BY THE SETTLEMENT

    A.   Motion To Vacate And/Or Modify An Order - Fed. R. Bankr. P. 9024 . . . . . . . . 20

    B.   The Bankruptcy Court Misinterpreted The Relief Requested By Appellant In Its Fed. R. Bankr. P. 9024 Motion And Improperly Applied The Legal Principles Of Fed. R. Bankr. P. 9024 To The Totality Of Facts Presented In Appellant's Fed. R. Bankr. P. 9024 Motion . . . . . . . . . . . . . . . . 24

POINT II . . . . . . . . . . . . . . . . . . . . . 29

THE BANKRUPTCY COURT ERRED AS A MATTER OF LAW
AND FACT AND ABUSED ITS DISCRETION BY ENTERING
THE JUNE 14, 2007 ORDER AND SUBSEQUENTLY
FAILING TO GRANT APPELLANT'S TIMELY MOTION,
UNDER FED. R. BANKR. P. 9024 AND 11 U.S.C. §
350(b), TO MODIFY THE ORDER BY REMOVING THAT
LANGUAGE, WHICH IS NOT CONTAINED IN THE
SETTLEMENT, THAT ENJOINS AND DISCHARGES THE
APPELLANT'S STATE LAW TORT CLAIMS AGAINST THE
NON-DEBTOR APPELLEES AND THEREBY, PERMITTING
THE CLAIMS TO BE REMANDED OUT OF THE
BANKRUPTCY COURT, WHERE SUCH CLAIMS ARE NOT
RELATED TO THE DEBTOR'S BANKRUPTCY NOR IS THE
INJUNCTION OF SAME NECESSARY TO THE
ADMINISTRATION OF DEBTOR'S CHAPTER 11
BANKRUPTCY, AND WHERE THE CLAIMS ARE NOT PART
OF THE LITIGATION SETTLED BETWEEN THE
PLAINTIFF AND THE NON-DEBTOR APPELLEES, THE
APPELLANT NEVER EXECUTED NOR CONSENTED TO THE
SETTLEMENT AND THE PLAINTIFF NEVER INTENDED TO
ENJOIN CLAIMS NOT ARISING THROUGH THE DEBTOR
BY THE SETTLEMENT

A.    The Bankruptcy Court Does Not Have
      Jurisdiction Or Authority To Enjoin
      Or Discharge A Creditor's Cross-
      Claim Or Third-Party Complaint
      Against A Non-Debtor Where The
      Creditor Does Not Voluntarily
      Stipulate To The Permanent
      Injunction Or Discharge Of The
      Claims, The Injunction Of The Claims
      Is Not Necessary To Confirm And
      Administer The Debtor's
      Reorganization Plan And The Claims
      Are Based On State Law And Can
      Otherwise Be Remanded For Resolution
      Outside the Bankruptcy Court . . . . . . . . . 29

B.    The Bankruptcy Court Erred As A
      Matter Of Law And Fact And Abused
      Its Discretion By Denying The Relief
      Sought Under The Appellant's Fed. R.
      Bankr. P. 9024 Motion Based On Its
      Determination That The Bankruptcy
      Court Had The Jurisdiction And

Authority To Permanently Enjoin And
Discharge Appellant's State Law Tort
Claims Against The Non-Debtor
Appellees Under The June 14, 2007
Order . . . . . . . . . . . . . . . . . . .  32

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . .  34

## TABLE OF CITATIONS

CASE LAW

Capital Communications Fed. Credit
    Union v. Boodrow, 126 F.3d 43 (2d Cir. 1997) . . . . . 5, 6

In re A.H. Robins Co., 880 F.2d 694 (4th Cir.),
    cert. denied, 493 U.S. 959 (1989)) . . . . . . . . . . 30

In re Drexel Burnham Lambert Group, Inc.,
    960 F.2d 285 (2d Cir. 1992) . . . . . . . . . 30, 31, 32

In re Duratech Indus., 241 B.R. 283 (E.D.N.Y. 1999) . . . . . . 5

In re Manville Forest Products Corp.,
    209 F.3d 125 (2d Cir. 2000) . . . . . . . . . . . . . . 5

In re PCH Associates, 949 F.2d 585 (2d Cir. 1991) . . . . . . . 5

In re Sonnax Industries, Inc.,
    907 F.2d 1280 (2d Cir. 1990) . . . . . . . . . . . . . . 6

Nemaizer v. Baker, 793 F.2d 58 (2d Cir. 1986) . . . . . . 27, 28

Orvis v. Higgins, 180 F.2d 537 (2d Cir. 1950) . . . . . . . 5, 6

Pereira v. Sonia Holdings, Ltd.,
    and LAS Management Corp., et al.
    (In re: Artha Management, Inc., et al.),
    91 F.3d 326 (2nd Cir. 1996) . . . . . . . . . . . . . . 21

Schwartz v. Aquatic Dev. Group, Inc.
    (In re Aquatic Dev. Group, Inc.),
    352 F.3d 671 (2d Cir. 2003) . . . . . . . . . . . . . . 6

Stormy Clime Ltd. v. ProGroup, Inc.,
    809 F.2d 971 (2d Cir. 1987) . . . . . . . . . . . . . 6, 7

Two Pesos, Inc. v. Taco Cabana, Inc.,
    505 U.S. 763 (1992) . . . . . . . . . . . . . . . . . 6, 7

United States v. Mitchell, 966 F.2d 92 (2d Cir. 1992) . . . . . 5

REPORTED CASES

LIU v. Silverman, et al,
     (In re: George C.S. LIU and GAIL K. LIU),
     2001 Bankr. LEXIS 547, *28 (Bankr. S.D.N.Y. 2001)  . . .  21

RULES

11 U.S.C. 105(a)  . . . . . . . . . . . . . . . . . . . .  18

11 U.S.C. § 350(b)  . . . . . . . . . 1, 2, 4, 5, 8, 20, 29, 34

11 U.S.C. § 1452  . . . . . . . . . . . . . . . . . . 8, 34

28 U.S.C. § 158(a)(1) . . . . . . . . . . . . . . . . . . . 1

F.R.B.P. 8013 . . . . . . . . . . . . . . . . . . . . . . 5

F.R.B.P. 9024 . . . . . 1, 2, 4, 5, 7, 20, 21, 22, 24, 29, 32, 34

F.R.C.P. 60 . . . . . 7, 8, 9, 20, 21, 22, 23, 24, 25, 26, 27, 33

Local Bankruptcy Rule 5010-1  . . . . . . . . . 1, 2, 4, 5, 8, 34

## BASIS OF APPELLATE JURISDICTION

Appellant/Defendant/Counterclaimant/Cross-Claimant/Third-Party Plaintiff, Engineered Devices Corporation (hereinafter "Appellant"), by and through Nicolette & Perkins, P.A., undersigned counsel for Appellant, is appealing the November 28, 2007 Order entered by the Honorable Joel B. Rosenthal, U.S.B.J. This Honorable District Court has jurisdiction of this appeal pursuant to 28 U.S.C. § 158(a)(1), which provides that "[T]he district courts of the United States shall have jurisdiction to hear appeals [ ] from final judgments, orders and decrees."

## STATEMENT OF ISSUES PRESENTED

1. Whether the Bankruptcy Court erred, as a matter of substantive law and/or procedure, in ruling upon the Appellant's Motion dated October 22, 2007 that insufficient grounds exist under Rule 9024 of the Federal Rules of Bankruptcy Procedure (hereinafter "Rule 9024"), 11 U.S.C. § 350(b), and Local Bankruptcy Rule 5010-1, to vacate and/or modify that portion of the June 14, 2007 Order approving the Stipulation of Settlement of the litigation in the Adversary Proceeding, Adv. Pro. No. 05-8656, between Debtor, Carlton Concrete Corporation d/b/a M.D. Construction Corp. (hereinafter "Debtor") and Non-Debtor, 30 Main Construction Co., Inc. (hereinafter "30 Main") that enjoins the Appellant, as well as other parties, from commencing and/or continuing to prosecute causes of action against Non-Debtor Appellees, 30 Main and/or 125 Court Street, LLC (hereinafter "125 Court") and Two Trees

Management company (hereinafter "Two Trees"), that are independent and separate from the subject matter of the Settlement (hereinafter the "Injunction"), when neither Appellant nor any such enjoined claimant entered into the Settlement or received consideration as a result of the enjoining of their said independent claims, the Injunction does not appear in the text of the Settlement, and the Debtor did not intend nor understand the Injunction to be part of the Settlement or the Order.

2.    Whether the Bankruptcy Court erred, as a matter of substantive law and/or procedure in ruling upon the Appellant's Motion dated October 22, 2007 that insufficient grounds exist under Rule 9024, 11 U.S.C. § 350(b), and Local Bankruptcy Rule 5010-1, to vacate and/or modify that portion of the June 14, 2007 Order approving the Stipulation of Settlement, which provides for the Injunction against prosecuting claims held by Appellant and other creditors of Debtor, which are independent and separate from the subject matter of the Settlement, against non-Debtors, 30 Main, 125 Court and/or Two Trees, although the Injunction was not provided for in the text of the Settlement, the Notice of Presentment or the Application upon which the Order was entered.

3.    Whether the Bankruptcy Court erred, as a matter of substantive law and/or procedure in ruling upon the Appellant's Motion dated October 22, 2007 that insufficient grounds exist under Rule 9024, 11 U.S.C. § 350(b), and Local Bankruptcy Rule 5010-1, to

vacate and/or modify that portion of the June 14, 2007 Order approving the Stipulation of Settlement, which provides for the Injunction against prosecuting claims, which are independent and separate from the subject matter of the Settlement, held by Appellant, against Non-Debtors, 30 Main, 125 Court and/or Two Trees, where the Injunction is absent from the text of the Settlement, the Notice of Presentment, and the Application upon which the Order was entered and there exists reasonable inadvertence in failing to note that the Order attached to the Application for entry, which was annexed to a copy of the multi-page Notice of Presentment and virtually duplicates the text of the Settlement, contained a six (6) word provision, which is absent from the Settlement, that provides for the Injunction.

4. Whether the Bankruptcy Court erred, as a matter of substantive law and/or procedure, by inadvertently entering the June 14, 2007 Order approving the Stipulation of Settlement and/or entering same along with that portion of the Order that provides for the Injunction, which is relief against creditors of Debtor that never entered into the Settlement, relief against creditors of Debtor which deprives them of independent causes of action against non-Debtors without any consideration for said deprivation, relief that is independent and separate from the subject matter of the Settlement, and relief in excess of that provided in the text of the Settlement approved by the Order, and then failing to vacate

-3-

and/or modify that portion of the Order upon the Motion of a creditor brought pursuant to Rule 9024, 11 U.S.C. § 350(b), and Local Bankruptcy Rule 5010-1 within one (1) year after entry of the Order.

5.    Whether the Bankruptcy Court erred, as a matter of substantive law and/or procedure, by inadvertently entering the June 14, 2007 Order approving the Stipulation of Settlement and/or entering same along with that portion of the Order that provides for the Injunction when the relief under the Injunction was never requested in the text of the Settlement, the Application for entry of the Order, the Notice of Presentment, or in any pleadings prior to entry of the Order, and then failing to vacate and/or modify that portion of the Order upon the Motion of a creditor brought pursuant to Rule 9024, 11 U.S.C. § 350(b), and Local Bankruptcy Rule 5010-1 within one (1) year after entry of the Order.

6.    Whether the Bankruptcy Court erred, as a matter of substantive law and/or procedure in failing to vacate and/or modify that portion of the June 14, 2007 Order approving the Stipulation of Settlement which provides for the Injunction against prosecuting claims independent and separate from the subject matter of the Settlement against Non-Debtors, 30 Main, 125 Court and/or Two Trees when that portion of the Order was obtained by either inadvertence, mistake or a fraud upon the Court and the Appellant brought a Motion seeking to vacate and/or modify said portion of the Order

-4-

under Rule 9024, 11 U.S.C. § 350(b), and Local Bankruptcy Rule 5010-1 within one (1) year after entry of the Order.

## STANDARD OF APPELLATE REVIEW

Pursuant to <u>Fed. R. Bankr. P.</u> 8013, on appeal the District Court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." In bankruptcy appeals, the District Court reviews findings of fact under a clearly erroneous standard. <u>Id.</u>; <u>United States v. Mitchell</u>, 966 F.2d 92, 98 (2d Cir. 1992). However, the District Court reviews the lower bankruptcy court's legal conclusions under a <i>de novo</i> standard, that is without deference. <u>Capital Communications Fed. Credit Union v. Boodrow</u>, 126 F.3d 43, 47 (2d Cir. 1997); <u>see also</u> <u>Orvis v. Higgins</u>, 180 F.2d 537, 539-40 (2d Cir. 1950). Under the <i>de novo</i> standard, the District Court places itself in the same position as the Bankruptcy Court and has plenary power to affirm or reverse its conclusions of law. <u>In re Duratech Indus.</u>, 241 B.R. 283 (E.D.N.Y. 1999); <u>see also</u> <u>In re Manville Forest Products Corp.</u>, 209 F.3d 125, 127 (2d Cir. 2000). The District Court is also to review a lower bankruptcy court's decision of a mixed question of fact and law by the <i>de novo</i> standard. <u>In re PCH Associates</u>, 949 F.2d 585, 597 (2d Cir. 1991). However, those factual determinations of the lower court that were based entirely on documentary evidence and not based on live

-5-

testimony can be reviewed *de novo* rather than by the clearly erroneous standard.  Orvis v. Higgins, 180 F.2d at 539-40.

Findings and conclusions that the bankruptcy court reached through an exercise of its discretion are reviewed for "abuse of discretion."  Capital Communications, 126 F.3d at 47; see also In re Integrated Resources, Inc., 1992 U.S. Dist. LEXIS 218 (S.D.N.Y. Jan. 14, 1992)(*citing* In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990)).  As the Court of Appeals for the Second Circuit has explained, a bankruptcy court abuses its discretion when it arrives at a decision that (i) rests "on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding," or (ii) "a decision that, though not necessarily the product of legal error or clearly erroneous factual finding[,] cannot be located within the range of permissible decisions."  Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.), 352 F.3d 671, 678 (2d Cir. 2003)(citation and internal quotation marks omitted).  Moreover, discretion is said to be "abused" when it is "exceeded," meaning the decision reached by the lower bankruptcy court is not within the range of decision making authority that the reviewing District Court determines acceptable for the given factual scenario.  Stormy Clime Ltd. v. ProGroup, Inc., 809 F.2d 971, 974 (2d Cir. 1987), *overruled on other grounds by* Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 769 (1992).  Despite application of the correct legal

principle and the absence of erroneous factual findings, a lower court's decision also constitutes an abuse of discretion where the court misinterprets the legal principle or improperly applies same to the factual scenario to an extent that exceeds or deviates from that which the District Court deems acceptable. <u>Stormy Clime Ltd. v. ProGroup, Inc.</u>, 809 F.2d 971, 974 (2d Cir. 1987), *overruled on other grounds by* <u>Two Pesos, Inc. v. Taco Cabana, Inc.</u>, 505 U.S. 763, 769 (1992).

## STATEMENT OF THE CASE

On or about October 22, 2007, Appellant, Defendant, Counterclaimaint, Cross-Claimant, and Third-Party Plaintiff, Engineered Devices Corporation (hereinafter, "Appellant"), by and through its counsel, Nicolette & Perkins, P.A., brought a motion, pursuant Rule 60(b) of the Federal Rules of Civil Procedure as incorporated by Rule 9024 of the Federal Rules of Bankruptcy Procedure, before the United States Bankruptcy Court for the Eastern District of New York (hereinafter, "Appellant's Rule 60(b) Motion") seeking an Order (1) to reopen the adversary proceeding, Adv. No. 05-8656-511, between Plaintiff, Chapter 11 Debtor, Carlton Concrete Corporation d/b/a M.D. Construction Corp. (hereinafter "Debtor") and Defendants, Non-Debtor, Appellees, 30 Main Construction Co., Inc. (hereinafter "30 Main"),  and 125 Court Street, L.L.C. (hereinafter "125 Court Street"), Appellant, and all other subcontractors contracted under the Debtor (hereinafter, the

"Adversary Proceeding"), pursuant to 11 U.S.C. § 350(b) and Local Bankruptcy Rule 5010-1; (2) vacating and/or modifying the June 14, 2007 order approving (i) settlement of the Adversary Proceeding; (ii) discharge and cancellation of all defendants' mechanic's liens; and (iii) granting permanent injunctive relief (hereinafter, the "Order Approving Settlement") to remove from the Order Approving Settlement language that permanently enjoins, releases, discharges, and/or impairs the unsecured tort claims asserted against Non-Debtor Appellees, 30 Main, 125 Court Street, and Two Trees Management Company (hereinafter, "Two Trees") (collectively, the "Non-Debtor Appellees") by the Appellant in its Cross-Claims and Third-Party Complaint (hereinafter, the "Appellant's Tort Claims"); and (3) removing the Appellant's Tort Claims, pursuant to 11 U.S.C. § 1452, to the United States District Court for the Eastern District of New York.  Both the Debtor and the Non-Debtor Appellees filed Objections to the Appellant's Rule 60(b) Motion and the Appellant filed a Reply to same in further support of the Motion.

After hearing counsel for the Appellant, Debtor and the Non-Debtor Appellants on the November 28, 2007 hearing for the Appellant's Rule 6(b) Motion, the Honorable Joel B. Rosenthal, U.S.B.J., denied the Motion on the basis that the Motion was procedurally untimely and on the basis that, substantively, the Bankruptcy Court had the jurisdictional authority to enjoin

Appellant's Tort Claims under the Order Approving Settlement and that relief sought in the Motion would be inequitable.  Each of the Bankruptcy Court's foregoing bases for denying the Appellant's Rule 60(b) Motion are errors of law and fact and constitute an abuse of discretion by the Bankruptcy Court.

## Procedural History and Statement of Facts

Prior to the filing of the Debtor's Voluntary Chapter 11 Bankruptcy Petition on September 30, 2004 (hereinafter the "Debtor's Petition Date"), Appellant, as a subcontractor of Debtor, had supplied Debtor with equipment and material for the project known as Atlantic Court (hereinafter the "Project"), for which the general contractor was 30 Main and the owner was 125 Court Street.

## The Project and Appellant's Missing Equipment

At all times relevant, both 30 Main and 125 Court Street are affiliated and controlled by Two Trees.  At the Debtor's request, Appellant rented various materials and equipment, specifically shoring, forming and related concrete and steel materials and equipment, to the Debtor for use in the construction and permanent improvement of the real property located on the Project (hereinafter the "Equipment").  Appellant delivered the Equipment to the Project and Debtor used same in performing construction services.  Debtor discontinued work on the Project prior to August 25, 2004, and the Equipment was in place on the Project.  Debtor notified Appellant to pick-up the Equipment.

On or about August 25, 2004, Appellant sent a truck to the Project to pick up the Equipment. Appellant's truck was refused entry into the Project. Appellant then called Two Trees and was told that the Project was closed. Appellant sent a letter to Two Trees informing Two Trees that Appellant would hold Two Trees responsible for the Equipment. Thereafter, a representative of Appellant attended the Project and witnessed the Equipment being used for the construction and permanent improvement of the Project, while the Appellant representative was walking the Project with the construction supervisor for 30 Main. At that time, the construction supervisor for 30 Main acknowledged that the Equipment was present and being used on the Project.

### Appellant's Liens on the Project

Appellant was given no assurances by 30 Main, or anyone associated with the Project, as to whether the Materials would be returned to Appellant along with the agreed upon rental fee for use of same, or whether the Materials would be permanently affixed to the Project for its improvement. Accordingly, on or about September 3, 2004, Appellant filed and served two liens, one lien for the amount of $155,587.17, the price for the rental of the Equipment by Debtor from Appellant for use on the Project (hereinafter the "First Lien"), and the other lien for the amount of $236,720.64, the monetary value of the Equipment (hereinafter the "Second Lien"). Both liens were perfected by filing with the

Clerk of Kings County, where the Project is located, and all required notices were given for same.   Since the time of Debtor's Petition Date, some, but not all, of the Equipment has been returned.   In Appellant's Proof of Claim, which was filed on December 11, 2004, the value of the missing items of the Equipment was determined to be $168,448.54.  Since the filing of Appellant's Proof of Claim, there has been a return of some of the aforesaid missing Equipment.   The value of all items of the Equipment that remain missing after all returns made to date (hereinafter the "Missing Equipment") is $138,485.97.

**The Debtor's Adversary Complaint to Determine the Priority of Liens on the Project**

On or about May 25, 2005, Debtor filed a Complaint in the above-captioned Adversary Proceeding seeking Judgment that this Court determine the respective priority of the liens asserted by the Debtor, Appellant, and all the other named Defendants, which included other subcontractors of Debtor, with respect to the Project.   In response to Debtor's Complaint, Appellant filed an Answer, Counterclaims against the Debtor, Cross-Claims against Defendants, 30 Main and 125 Court Street, and a Third-Party Complaint against Two Trees.

Appellant's Counterclaims as well as the First Count of its Cross-Claim sought Judgment enforcing the First Lien and Second Lien upon the basis that the Equipment, including the Missing

-11-

Equipment, was utilized for and/or permanently affixed to the Project for the improvement of same.

> **Appellant's Tort Claims Against Non-Debtor Appellees, 30 Main, 125 Court Street and Two Trees for Unjust Enrichment and Tortious Conversion of Personalty**

The Second Count of Appellant's Cross-Claim asserts a cause of action seeking Judgment for monetary damages against 30 Main and 125 Court Street for Tortious Conversion of the Equipment on the basis that said Defendants wrongfully withheld, converted and appropriated the Equipment to their own use to the detriment of Appellant.

The Third Count of Appellant's Cross-Claim asserts a cause of action seeking Judgment for monetary damages against 30 Main and 125 Court Street for Restitution on the basis that said Defendants were unjustly enriched by their wrongful withholding, conversion and appropriation of the Equipment.

Similarly, Appellant's Third-Party Complaint asserts the foregoing Tort Claims against Two Trees on the additional basis that, at all times relevant, Two Trees participated in the wrongful withholding, conversion and appropriation of the Equipment and/or Defendants, 30 Main and 125 Court Street, performed same as agents of Two Trees.

**The Stipulation Between the Debtor and Non-debtor Appellees, 30 Main for Settlement Debtor's Adversary Complaint and the Order Approving Same**

Debtor filed an Application for an Order Pursuant to Rule 9019(A) of the Bankruptcy Code Approving Stipulation and Settlement between Debtor and 30 Main (hereinafter the "Debtor's Application"). The Debtor's Application represents that 30 Main, as the general contractor of the Project, reached a settlement with the Debtor, as the subcontractor of 30 Main for the Project, concerning the said parties' dispute in the above-captioned Adversary Proceeding as to what amount(s) are owed to Debtor from 30 Main for work and/or materials rendered to the Project by Debtor, itself, and by Debtor's subcontractors thereunder. (Appellant's Designation of Record on Appeal No. 59, Debtor's Application, Pages 1-5).

Debtor's Application represents that 30 Main will tender $300,000.00 to Debtor in full settlement for "any and all labor and/or materials that all subcontractors of Debtor may have or did provide to the [125 Court Street] Project" and, accordingly, "a discharge and cancellation of the mechanic's liens that Debtor's subcontractors have filed on the [125 Court Street] Property." See Debtor's Application, ¶ 13. The Stipulation of Settlement between Debtor and 30 Main (hereinafter "Stipulation"), attached to Debtor's Application, provides consideration by 30 Main of

-13-

$300,000.00 as payment for all labor and/or materials rendered to the aforesaid project by Debtor and its subcontractors and a discharge of all mechanic's liens filed against the Project for said work.   The approved Order is represented to include a provision, which, pursuant to § 105(a) of the Bankruptcy Code, "enjoin[s], prohibit[s], and preclud[es] all persons and/or entities from claiming *by, through, or under Carlton* and against 30 Main, 125 Court or Two Trees or the [125 Court Street project]." (Appellant's Designation of Record on Appeal No. 59, Debtor's Application, the Stipulation attached thereto, ¶ 2f (emphasis added)).

> **While the Stipulation of Settlement and the Debtor's Application Neither Represent nor Contain Language to Bar Appellant's Tort Claims, the Order Approving the Settlement Inconspicuously Adds More Expansive Language that Purports to Bar Any and All Claims, Without Any Consideration for Same, Against 30 Main, 125 Court Street or Two Trees that are in Any Way Connected to the Project**

The terms of the Order Approving Settlement varied from Debtor's Application in that it included more expansive and controlling language, providing that "*all persons and/or entities, including* any such persons and/or entities claiming by through or under Carlton whether as Subcontractors or otherwise, are *permanently* enjoined, prohibited and precluded from [] commencing,

-14-

continuing, or maintaining any action, lawsuit, litigation or cause of action against 30 Main, 125 Court Street[], Two Trees[], The Bank of New York[], or successor of 30 Main, 125 Court [Street], Two Trees or BNY in connection with the Project." (Appellant's Designation of Record on Appeal No. 60, the Order Approving Settlement, ¶ 27 (emphasis added)).

The relief provided by the foregoing provision in the Order Approving Settlement is far in excess and outside the scope of what is represented in the Debtor's Application and Stipulation and completely separate from what is disputed and sought by the Debtor's Adversary Complaint. The Adversary Complaint, which the Stipulation purports to resolve, seeks only a determination of the respective priority of the liens asserted by the Debtor, Appellant, and all the other named Defendants, which included other subcontractors of Debtor, with respect to services and/or materials voluntarily rendered by same to the Project under written contract.

Debtor's Application and the Stipulation represent that the Settlement and the Order Approving same is merely the settlement of monies owed from the general contractor, 30 Main, to its immediate subcontractor, Debtor, and to all subcontractors claiming "*by, through, or under [Debtor]* against 30 Main, 125 Court or Two Trees" for services and/or materials voluntarily rendered by same, under written contract with Debtor or its subcontractor(s), for improvement of the Project. (Appellant's Designation of Record on

-15-

Appeal No. 59, Debtor's Application, the Stipulation attached thereto, ¶ 2f (emphasis added)).

However, the inconspicuous insertion of the phrase, "*including any such persons and/or entities,*" into the sentence of the Order Approving Settlement, ¶ 27, quoted above, which was not included nor indicated in the Stipulation, ¶ 2f, purports to permanently enjoin, without any additional consideration, all persons and entities, whether subcontractors of Debtor or otherwise, from pursuing any legal claims against the non-debtor entities, 30 Main, 125 Court Street, Two Trees, The Bank of New York, or successor of same, arising from any matter connected to the Project in any way.

The Debtor's Application is inconsistent and misleading in this regard and neither Appellant nor its undersigned counsel were given proper notice or opportunity to object to the foregoing due to the unclear, if not misleading and deceptive, disparity in language between the Debtor's Application and Stipulation and the Order Approving Settlement.

### The Debtor's Objection and the Non-Debtors' Objection to the Motion

The Debtor's Objection asserts, in part, that Appellant lacks standing to vacate or modify the Settlement via the Motion because Appellant was not a creditor of the Debtor and Appellant brings the Motion in pursuit of claims not against the Debtor but against non-debtors, 30 Main, 125 Court Street and Two Trees (hereinafter the

"Non-Debtors").  (Appellant's Designation of Record on Appeal No. 65, Debtor's Objection, ¶ A).

While Debtor correctly recognizes that Appellant brings the Motion exclusively in the capacity of one asserting the Tort Claims against the Non-Debtor, Appellees, Appellant was, in fact, a creditor of Debtor to the extent of its First Lien and Second Lien asserted in both its Proof of Claim and the Counter-Claim to Debtor's Adversary Complaint.  Moreover, because the Settlement rightfully resolved Appellant's First Lien and Second Lien, as well as all claims thereunder against the Debtor for improvement of the Project, Appellant brings the Motion invoking the Court's jurisdiction and seeking to vacate and/or modify the Order Approving Settlement only to the extent necessary to protect Appellant's right to pursue and remove its Tort Claims against the Non-Debtor, Appellees in the United State District Court, or other appropriate forum.

The Debtor's Objection also asserts that Appellant cannot bring an objection to the Settlement because of the time restrictions for same provided by the Local Rules of this Court, Appellant's alleged lack of reasonable excuse or justification for same, and because the settlement funds have already been paid from 30 Main to the Debtor.  (Appellant's Designation of Record on Appeal No. 65, Debtor's Objection, ¶ A).

> **Contrary to the Non-Debtors' Objection, The Debtor's Objection as well as the Language of the Stipulation of Settlement, Clearly Evidence that The Debtor Never Agreed, Intended, Nor Had Reason to Believe, that the Settlement Would Release or Compensate Appellant's Conversion Claim or Restitution Claim**

The Debtor's Objection contains the statement by Susan M. Pascale, Esq., of Debtor's Special Construction Litigation Counsel, that, in negotiating and entering into the Settlement with 30 Main, the Debtor never agreed, intended, nor had reason to believe, that the Settlement, or any part of the $300,000.00 settlement funds, would release or compensate Appellant's Conversion Claim or Restitution Claim. (Appellant's Designation of Record on Appeal No. 65, Debtor's Objection, ¶ D, 18). Paragraph D, 18 of the Debtor's Objection provides, in pertinent part, Debtor's statement, by and through the undersigning Counsel therein, that,

> Appellant's claims against 30 Main and Two Trees seem to be separate and distinct from anything [Debtor,] Carlton may have done. The basis for Appellant's cross claims and third party complaint is tortious conversion of property by 30 Main, Two Trees and [125 Court Street][*sic*], not Carlton. As a result, Appellant's claims do not seem to be 'by or through Carlton' and, therefore, Appellant does not appear to be estopped from pursuing its claims in state court . . . .

Debtor's Objection, ¶ D, 18.

-18-

However, the Non-Debtors' Objection asserts that a purported omnibus release of any and all claims by any and all individuals or entities in any way related to the Project was "an integral part of the Settlement" and negotiation of same and that the Court cannot grant the relief sought by the Motion without also vacating the entire Order Approving Settlement and ordering that the $300,000.00 settlement funds be returned to 30 Main.  (Appellant's Designation of Record on Appeal No. 66, Non-Debtors' Objection, ¶ 34).

## LEGAL ARGUMENT

### POINT I

**THE BANKRUPTCY COURT ERRED AS A MATTER OF LAW AND FACT AND ABUSED ITS DISCRETION BY FAILING TO GRANT APPELLANT'S OCTOBER 22, 2007 MOTION, BROUGHT UNDER FED. R. BANKR. P. 9024 AND 11 U.S.C. § 350(b), TO MODIFY THE LANGUAGE OF THE JUNE 14, 2007 ORDER, WHICH APPROVED THE STIPULATION ENTERED BETWEEN THE CHAPTER 11 DEBTOR AND THE NON-DEBTOR APPELLEES FOR SETTLEMENT OF THE LITIGATION BETWEEN THE PLAINTIFF/DEBTOR AND THE NON-DEBTOR/APPELLEES AND ALL SUBCONTRACTORS CONTRACTED UNDER THE PLAINTIFF, TO MAKE THE LANGUAGE AND RELIEF IN THE ORDER NO BROADER THAN THAT CONTAINED IN THE STIPULATION AND, THEREBY, TO PREVENT THE ORDER FROM ENJOINING AND DISCHARGING APPELLANT'S STATE LAW TORT CLAIMS AGAINST THE NON-DEBTOR APPELLEES, WHICH ARE NOT RELATED TO THE DEBTOR'S BANKRUPTCY, ARE NOT PART OF THE LITIGATION SETTLED BETWEEN THE PLAINTIFF/DEBTOR AND NON-DEBTOR APPELLEES, AND WERE NEVER INTENDED BY THE PLAINTIFF/DEBTOR TO BE ENJOINED BY THE SETTLEMENT**

**A.   Motion To Vacate And/Or Modify An Order - <u>Fed. R. Bankr. P. 9024</u> Motion Standards**

<u>Rule</u> 60(b) of the <u>Federal Rules of Civil Procedure</u> (hereinafter "FRCP 60(b)"), incorporated into the Bankruptcy Code by <u>Rule</u> 9024 of the <u>Federal Rules of Bankruptcy Procedure</u>, provides, in pertinent part:

-20-

> On motion and upon such terms as are just, the
> court may relieve a party or a party's legal
> representative from a final judgment, order,
> or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or
> excusable neglect;
> . . .
> or,
> (6) any other reason justifying relief from
> the operation of the judgment.  The motion
> shall be made within a reasonable time, and
> for reasons (1), (2), and (3) not more than
> one year after the judgment, order, or
> proceeding was entered or taken. . . .

FRCP 60(b).

"The principal means for vacating [and/or modifying] an order or judgment in a bankruptcy case is Bankruptcy Rule 9024, incorporating Rule 60(b) of the Federal Rules of Civil Procedure with exceptions not relevant here." LIU v. Silverman, et al, (In re: George C.S. LIU and GAIL K. LIU), 2001 Bankr. LEXIS 547, *28 (Bankr. S.D.N.Y. 2001) (debtor invoked FRCP 60(b) seeking an order vacating and/or modifying the order approving a settlement reached by the Chapter 7 Trustee on behalf of the debtor's estate); see also Pereira v. Sonia Holdings, Ltd., and LAS Management Corp., et al. (In re: Artha Management, Inc., et al.), 91 F.3d 326 (2nd Cir. 1996) (defendants moved under FRCP 60(b) for an order vacating the order approving settlement of an adversary proceeding that their previous attorney had reached).  Here, the Appellant's R. 9024 Motion sought to vacate, or simply modify the Order Approving Settlement to remove those terms of the Order Approving Settlement

-21-

that permanently and unjustly enjoin the Appellant's independent Tort Claims against the Non-Debtor Appellees through the inconspicuous, if not deceptive and ambiguous, insertion of six (6) words, which are as follows:

> _all persons and/or entities,_ _including_ _any such persons and/or_ _entities claiming by through or_ _under Carlton whether as_ _Subcontractors or otherwise_, are _permanently_ enjoined, prohibited and precluded from [] commencing, continuing, or maintaining any action, lawsuit, litigation or cause of action against 30 Main, 125 Court Street[], Two Trees[], The Bank of New York[], or successor of 30 Main, 125 Court [Street], Two Trees or BNY in connection with the Project. The Order Approving Settlement, ¶ 27 (emphasis added).

Said language is contrary from the otherwise identical clause in both the Stipulation of Settlement and the Debtor's Application and permanently deprive the Appellant of its Tort Claims against the Non-Debtor Appellees without any consideration for same and without the Appellant's knowing consent to same.  The relief sought is clearly within the meaning of "mistake, inadvertence, surprise[,] excusable neglect[,] or[,] any other reason justifying relief." FRCP 60(b).  Especially, considering that the Settlement would not have to be set aside to comply with such relief.  The Debtor admits, via the Debtor's Objection to Appellant's R. 9024 Motion, that it never claimed nor intended for the Settlement or the Order Approving Settlement to discharge or permanently enjoin Appellant's

-22-

Tort Claim and that, pursuant to the Debtor's understanding and negotiation of the Settlement, the Order Approving Settlement should not discharge or permanently enjoin Appellant's Tort Claim. The Debtor, through its attorneys, in its objection to the relief stated as follows:

> EDC's claims against 30 Main and Two Trees seem to be separate and distinct from anything [Debtor,] Carlton may have done. The basis for EDC's cross claims and third party complaint is tortious conversion of property by 30 Main, Two Trees and [125 Court Street][*sic*], not Carlton. As a result, EDC's claims do not seem to be 'by or through Carlton' and, therefore, EDC does not appear to be estopped from pursuing its claims in state court . . . . (See Debtor's Objection, ¶ D, 18, App#).

The Debtor never intended to enjoin the claims of Appellant against the Non-Debtor Appellees. Obviously, the addition of the six (6) words was a drafting mistake, which was not caught by the Debtor or the Appellant. A proper interpretation of the relief sought by Appellant's Rule 60 Motion and proper application of the legal principles of Rule 60 to the factual scenario at hand would have led the Bankruptcy Court to determine that the only decision which complies with the authority under Rule 60 and simultaneously prevents a grossly inequitable windfall in favor of the Non-Debtor Appellees to the detriment of the Appellant, is to grant the Appellant's Rule 60 Motion by modifying the Order Approving

-23-

Settlement to remove the six (6) words enjoining Appellant's Tort Claims so that the Order conforms to the Settlement, and remanding same for resolution outside the Bankruptcy Court.

> **B.   The Bankruptcy Court Misinterpreted The Relief Requested By Appellant In Its <u>Fed. R. Bankr. P.</u> 9024 Motion And Improperly Applied The Legal Principles Of <u>Fed. R. Bankr. P.</u> 9024 To The Totality Of Facts Presented In Appellant's <u>Fed. R. Bankr. P.</u> 9024 Motion**

The November 28, 2007 Order denying Appellant's <u>Rule</u> 60 Motion contains little more than an acknowledgment that the Bankruptcy Court considered all papers submitted in support of and in objection to the Motion by Appellant and the Appellees. However, the transcript of the November 28, 2007 hearing evidences that the Bankruptcy Court's reasoning for denying Appellant's <u>Rule</u> 60 Motion was based upon the Bankruptcy Court's misinterpretation of the relief requested by Appellant's Motion and its improper application of the legal principles of <u>Rule</u> 60 to the totality of the facts presented.

At the November 28, 2007 hearing, the Honorable Joel B. Rosenthal, U.S.B.J., determined that "procedurally[,] at this point it's too late" for the relief sought in Appellant's <u>Rule</u> 60 Motion. (Appellees' Counter-Designation of Record on Appeal, Exhibit 3, Transcript of the November 28, 2007 Hearing Before the Honorable Joel B. Rosenthal, U.S.B.J., on Appellant's <u>Rule</u> 60 Motion

(hereinafter "Transcript") P.13, Lines 11-13).   However, <u>Rule</u> 60 expressly provides that a motion to vacate and/or modify a judgment or order may be brought at any reasonable time "not more than one year after the judgement, order, or proceeding was entered."  FRCP 60(b)(6).  Here, the Order Approving Settlement was entered on June 14, 2007 and Appellant's Motion was filed on October 22, 2007 and heard November 28, 2007, less than six (6) months after entry of the Order Approving Settlement.

Judge Rosenthal further determined that, "on substantive grounds[,] it would be inequitable now to change [the Order Approving Settlement." (Appellees' Counter-Designation of Record on Appeal, Exhibit 3, Transcript, P.13, Lines 12-14).  This gross misconception must have been derived from the misinterpretation of the relief sought by Appellant's Rule 60 Motion that was presented to the Bankruptcy Court in the Non-Debtor Appellees' Objection as well as in their counsel's argument at the November 28, 2007 hearing.  The Non-Debtor Appellees' asserted that Appellant's Motion was seeking to vacate the Order Approving Settlement and thus, set aside the entire Settlement.  During the November 28, 2007 hearing, counsel for the Non-Debtor Appellees asserted the Non-debtor Appellees had already paid the $300,000.00 settlement proceeds over to the Debtor upon the understanding that "everything was being discharged" and that, if even the six (6) letter phrase at issue is removed or altered from the Order Approving Settlement,

-25-

the Non-Debtor Appellees will be unfairly damaged or the entire $300,000.00 settlement will have to be returned. (Appellees' Counter-Designation of Record on Appeal, Exhibit 3, Transcript, P.11, Lines 1-14).

The modification to the Order Approving Settlement sought by Appellant's Motion would clearly not require setting aside or vacating the Settlement since the Order Approving Settlement would merely be altered to contain the exact same terms set forth in the Stipulation of Settlement itself. Moreover, no inequity would result to the Non-debtor Appellees or to the Debtor from the relief sought by Appellant. The proposed modification would only prevent the permanent injunction and discharge of Appellant's Tort Claims, as well as any other claim against the Non-debtor Appellees that is unrelated to and not provided for in the Stipulation of Settlement and, as Debtor has already established, such claims were never negotiated or meant to be included in the Settlement. At the conclusion of the November 28, 2007 hearing, Judge Rosenthal indicates that his denial of the Appellant's Motion was also based on the Bankruptcy Court's determination that the failure of Appellant's counsel to perceive the inconspicuous, if not ambiguous and deceptive, insertion of the additional six (6) words at issue to the Order Approving Settlement, does not satisfy the meaning of "mistake, inadvertence, surprise[,] excusable neglect[,] or[,] any other reason justifying relief" under Rule 60(b). (Appellees'

-26-

Counter-Designation of Record on Appeal, Exhibit 3, Transcript, P.13, Lines 7-11).  This misconception could only come from the Bankruptcy Court's misapplication of the legal principles under Rule 60(b) to the totality of the facts present here.

The Non-Debtor Appellees assert both in their Objection to Appellant's Rule 60(b) Motion and during the hearing for same that Appellant counsel's foregoing inadvertent misunderstanding of the six (6) words inconspicuously inserted into the Order Approving Settlement does not fail within the meaning of "mistake, inadvertence, surprise[,] excusable neglect[,] or[,] any other reason justifying relief" under Rule 60(b) based on the Second Circuit authority, Nemaizer v. Baker, 793 F.2d 58 (2d Cir. 1986) interpreting Rule 60(b).  However, the Bankruptcy Court improperly applied such authority to the totality of the facts in the instant case.  The case of Nemaizer v. Baker, supra. involved a party who voluntarily entered into and executed a stipulation of settlement dismissing "all claims" with prejudice and subsequently sought to modify the judgment entered for the settlement based only on the claim that, at the time of entering into the settlement, counsel did not understand the legal significance of the word, "sever" in the stipulation of settlement.  Nemaizer v. Baker, 793 F.2d at 62. Second Circuit cases like Nemaizer v. Baker consistently decline to grant a client relief upon a Rule 60(b) motion based on the "mistake or omission of his attorney by reason of the latter's

ignorance of the law or rules of the court, or his inability to efficiently manage his caseload.  See e.g., Nemaizer v. Baker, 793 F.2d at 62; see also United States v. Cirami, 535 F.2d 736, 739 (2d Cir. 1976).  In stark contrast, the present case does not involve any allegation that Appellant's counsel ever misunderstood the legal significance of the six (6) words at issue inserted into the Order Approving Settlement, or that he did not have time to pay any attention to the Debtor's Application when served upon him.  Here, Appellant's counsel was misled by the insertion of six (6) words to one clause in a twelve page order.  The inconspicuous language was not otherwise contained in a multi-page Stipulation of Settlement and reasonably relied upon the virtually identical terms of the Stipulation of Settlement.

**POINT II:**

**THE BANKRUPTCY COURT ERRED AS A MATTER OF LAW AND FACT AND ABUSED ITS DISCRETION BY ENTERING THE JUNE 14, 2007 ORDER AND SUBSEQUENTLY FAILING TO GRANT APPELLANT'S TIMELY MOTION, UNDER FED. R. BANKR. P. 9024 AND 11 U.S.C. § 350(b), TO MODIFY THE ORDER BY REMOVING THAT LANGUAGE, WHICH IS NOT CONTAINED IN THE SETTLEMENT, THAT ENJOINS AND DISCHARGES THE APPELLANT'S STATE LAW TORT CLAIMS AGAINST THE NON-DEBTOR APPELLEES AND THEREBY, PERMITTING THE CLAIMS TO BE REMANDED OUT OF THE BANKRUPTCY COURT, WHERE SUCH CLAIMS ARE NOT RELATED TO THE DEBTOR'S BANKRUPTCY NOR IS THE INJUNCTION OF SAME NECESSARY TO THE ADMINISTRATION OF DEBTOR'S CHAPTER 11 BANKRUPTCY, AND WHERE THE CLAIMS ARE NOT PART OF THE LITIGATION SETTLED BETWEEN THE PLAINTIFF AND THE NON-DEBTOR APPELLEES, THE APPELLANT NEVER EXECUTED NOR CONSENTED TO THE SETTLEMENT AND THE PLAINTIFF NEVER INTENDED TO ENJOIN CLAIMS NOT ARISING THROUGH THE DEBTOR BY THE SETTLEMENT**

A.   **The Bankruptcy Court Does Not Have Jurisdiction Or Authority To Enjoin Or Discharge A Creditor's Cross-Claim Or Third-Party Complaint Against A Non-Debtor Where The Creditor Does Not Voluntarily Stipulate To The Permanent Injunction Or Discharge Of The Claims, The Injunction Of The Claims Is Not Necessary To Confirm And Administer The Debtor's Reorganization Plan And The Claims Are Based On State Law And Can**

        **Otherwise Be Remanded For Resolution**
        **Outside the Bankruptcy Court**

     The Second Circuit established that "[i]n bankruptcy cases, a
court may enjoin a creditor from suing a [non-debtor] third party,
*provided the injunction plays an important part in the debtor's
reorganization plan*."   In re Drexel Burnham Lambert Group, Inc.,
960 F.2d 285, 289 (2d Cir. 1992)(emphasis added)(*citing* In re: A.H.
Robins Co., 880 F.2d 694, 701 (4th Cir.), *cert. denied*, 493 U.S. 959
(1989)).  In the Drexel case, after filing its bankruptcy petition,
the chapter 11 debtor entered into a massive settlement agreement
wherein debtor was to pay over $600 million in full settlement of
various civil actions brought by a voluminous number of litigants
arising from SEC violations.   In re Drexel Burnham Lambert Group,
Inc., 960 F.2d 285, 288 (2d Cir. 1992).   The settlement agreement
required  the  850  securities  claimants  to  be  certified  as  a
mandatory, non-opt-out class and further provided for the permanent
injunction  and  discharge  of  many  of  the  claimant's  civil  claims
against  the  debtor's  officers  and  directors  arising  from  the
alleged SEC violations of the debtor.   Id. at 288, 293.   Some of
the claimants appealed the bankruptcy court's order approving the
settlement and the Second Circuit Court of Appeals ultimately ruled
to uphold that portion of the settlement agreement that permanently
enjoined creditors' claims against the non-debtor officers and
directors.   Id. at 289, 293. The Court found that given the
voluminous amount of creditors, their massive claims against both

                                    -30-

the debtor, its officers and directors, and the "financial straits" of the debtor, the injunction was important, if not essential, to the debtor's reorganization since the directors and officers would not agree to the settlement or continue operating the debtor in reorganization without some limitation on the number of suits against them personally.  Id. at 293. Moreover, the District Court recognized that the settlement agreement was specifically "conditioned upon confirmation" of debtor's reorganization plan. Id. at 289, 293.

In the instant case, none of these factors were present. There was no proof put forth as to the independent claims, nor was there a specific notification to creditors that the claims would be barred.  Rather, there was a six (6) word clause inserted into the Order, either by mistake or inadvertence, which barred the claims of the Appellant.  Even the attorney for the Debtor did not recognize the significance of these six (6) words.  It is not the intention of the Appellant to vacate the Order Approving Settlement, but rather to conform the wording of the Order to the wording contained in the Settlement Agreement, so that the Non-Debtor Appellees receive the benefit of the Settlement Agreement they negotiated and not a windfall allowing them to avoid their tortious conduct.  All other aspects of the Order Approving Settlement would remain.

      **B.   The Bankruptcy Court Erred As A Matter Of Law And Fact And Abused Its Discretion By Denying The Relief Sought Under The Appellant's Fed. R. Bankr. P. 9024 Motion Based On Its Determination That The Bankruptcy Court Had The Jurisdiction And Authority To Permanently Enjoin And Discharge Appellant's State Law Tort Claims Against The Non-Debtor Appellees Under The June 14, 2007 Order**

The foregoing scenario in <u>In re Drexel Burnham Lambert Group, Inc.</u>, 960 F.2d 285, 289 (2d Cir. 1992) is completely different from the injunction contained in the present Order Approving Settlement. There has been no claim that the permanent injunction and discharge of Appellant's Tort Claim against the Non-Debtor Appellees is in anyway essential or important to confirming and administering Debtor's reorganization plan.  Clearly, if such were true, the Debtor's counsel would not have stated in the Debtor's Objection that it never intended for the Settlement to enjoin the Appellant's Tort Claim.

The Bankruptcy Court arbitrarily determined that it had the jurisdiction, or jurisdictional authority, "to prohibit a party that directed claims against a third party as well as not going through the debtor from[sic] pursuing those claims." (Appellees' Counter-Designation of Record on Appeal, Exhibit 3, Transcript, P.8, Lines 18-22).  Based on this egregious error of law and fact, the Bankruptcy Court abused its discretion and denied the

-32-

Appellant's <u>Rule</u> 60(b) Motion.  (Appellees' Counter-Designation of
Record on Appeal, Exhibit 3, Transcript, P.13, Lines 13-17).

## CONCLUSION

For the foregoing reasons and authorities, Appellant respectfully requests that this Honorable District Court reverse the Bankruptcy Court's November 28, 2007 Order and enter an order (1) to Reopen Adversary Proceeding Pursuant to 11 U.S.C. § 350(b) and <u>Local Bankruptcy Rule</u> 5010-1; (2) Vacating and/or Modifying the Order Approving (i) Settlement of the Adversary Proceeding; (ii) Discharge and Cancellation of Mechanic's Liens; and (iii) Granting Related Permanent Injunctive Relief, to the Extent That Same Enjoins, Releases and/or Impairs Any of the Tort Claims of the Appellant Against the Non-Debtor Appellees Set Forth in the Cross-Claims and Third-Party Complaint of Appellants; and (3) Removing the Cross-Claims and Third-Party Complaint of Appellants, Pursuant to 11 U.S.C. § 1452, to the United States District Court for the Eastern District of New York.

Respectfully submitted,
NICOLETTE & PERKINS, P.A.
Attorneys for Appellant/
Defendant/Counterclaimant/
Cross-Claimant/and Third-Party
Plaintiff,
Engineered Devices Corporation

By: /s/David A. Nicolette
DAVID A. NICOLETTE

Dated: February 1, 2008

NICOLETTE & PERKINS, P.A.
3 University Plaza, Suite 503
Hackensack, New Jersey 07601
201-488-9080

-34-