UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

In re                                                                :
                                                                     :
CARLTON CONCRETE CORPORATION:                                        :
d/b/a M.D. CONSTRUCTION CORP.,                                       :
                                                                     :
                              Debtor.                                :
                                                                     :
                                                                     :
---------------------------------------------------------------------x
                                                                     :
ENGINEERED DEVICES CORPORATION,                                      :
                                                                     :
                              Appellants,                            :
                                                                     :
          -against-                                                  :   D. Ct. No. 08cv242 (JFB)
                                                                     :
CARLTON CONCRETE CONSTRUCTION d/b/a M.D.                             :
CONSTRUCTION CORP., 30 MAIN CONSTRUCTION                             :   Bankr.Ct. No.  05-8656 (JBR)
CO., INC. 125 COURT STREET, L.L.C., THE BANK                         :
OF NEW YORK COMPANY, INC., and TWO TREES                             :
MANAGEMENT CO.,                                                      :
                                                                     :
                                                                     :
                              Appellees.                             :
                                                                     :
---------------------------------------------------------------------x

## APPELLEE BRIEF OF 30 MAIN CONSTRUCTION CO., INC.
## 125 COURT STREET, LLC AND TWO TREES MANAGEMENT COMPANY

THELEN REID BROWN RAYSMAN
& STEINER, LLP
Attorneys for Appellees
30 Main Construction Co. Inc.,
125 Court Street, L.L.C. and
Two Trees Management Co.
875 Third Avenue
New York, New York 10022
(212) 603-2000

Of Counsel:   Bruce J. Zabarauskas, Esq.
              Jose A. Aquino, Esq.

# TABLE OF CONTENTS

**Page**

Table of Authorities .................................................................................................... iii

PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT ....................................... 1

STATEMENT OF JURISDICTION ........................................................................................ 2

STANDARD OF APPELLATE REVIEW ............................................................................... 2

COUNTER-STATEMENT OF ISSUES ON APPEAL ........................................................... 3

STATEMENT OF FACTS AND CASE

     Background ................................................................................................................ 3

     EDC'S Mechanics Lien ............................................................................................. 4

     The Adversary Proceeding ........................................................................................ 4

     The Settlement ........................................................................................................... 5

     EDC's Rule 60 Motion .............................................................................................. 6

ARGUMENT .......................................................................................................................... 8

    POINT I

    THE BANKRUPTCY COURT PROPERLY EXERCISED
    ITS DISCRETION IN DENYING EDC'S REQUEST TO
    VACATE PORTIONS OF THE APPROVAL ORDER BECAUSE
    EDC'S REQUEST WAS BASED ON ITS ADMITTED FAILURE
    TO READ PROPERLY THE APPROVAL ORDER THAT WAS
    SERVED ON IT ................................................................................................................ 8

    POINT II

    THE BANKRUPTCY COURT PROPERLY EXERCISED
    ITS DISCRETION WHEN IT DENIED THE RULE 60 MOTION
    BECAUSE THE STIPULATION THAT EDC PURPORTEDLY READ CLEARLY
    PROVIDED THAT ALL SUBCONTRACTOR CLAIMS
    AGAINST THE SETTLING DEFENDANTS WERE BEING RESOLVED ................. 15

i

POINT III

IN THE ALTERNATIVE, SHOULD THIS COURT DETERMINE
THAT THERE IS A BASIS FOR FEDERAL RULE 60 RELIEF,
THE COURT SHOULD VACATE THE ENTIRE APPROVAL
ORDER, RETURN THE PARTIES TO THE STATUS QUO PRIOR
TO THE SETTLEMENT AND REQUIRE THE RETURN OF THE
SETTLEMENT AMOUNT BECAUSE THE SETTLING DEFENDANTS
AGREED TO PAY $300,000 ONLY FOR THE RELEASE OR
ENJOINMENT OF ALL CLAIMS RELATING TO THE PROJECT ............................ 17

CONCLUSION ......................................................................................................................... 18

## TABLE OF AUTHORITIES

### CASES

In re AL and LP Realty Co.,
    164 B.R. 231 (Bankr. S.D.N.Y. 1994)...................................................................9

In re AMC Realty Corp.,
    270 B.R. 132 (Bankr., S.D.N.Y. 2003)...............................................................9

In re Artha Management, Inc.,
    91 F.3d 326 (2d Cir. 1996) .................................................................................9

In re Boy Harbour Assoc.,
    56 Fed Appx. 21 (2d Cir. 2003).........................................................................14

In re Bradlees Stores, Inc.,
    291 B.R. 307 (Bankr. S.D.N.Y. 2003)...............................................................9

Congress Financial Corp. v. John Morrell & Co.,
    1992 U.S. Dist. LEXIS 8302 (S.D.N.Y. 1992)..................................................10

Dal International Trading Co. v. Sword Line, Inc.,
    286 F.2d 523 (2d Cir. 1961) .............................................................................10

In re Drexel Burnham Lambert Group, Inc.,
    960 F.2d 285 (2d Cir. 1992) .............................................................................14

In re Fayolle,
    159 Fed. App. 221 (2d Cir. 2005)......................................................................14

In re Four Seasons Sec. Law. Litigation,
    502 F.2d 834 (10th Cir. 1974) ..........................................................................11

Krohn v. Lawlor,
    2007 U.S. Dist. LEXIS 66763 (E.D.N.Y. 2007) ..............................................14

In re Mettlen,
    174 B.R. 822 (D. Kan 1994)..............................................................................17

Nemaizer v. Baker,
    793 F.2d 58 (2d Cir. 1986) .................................................................................9

In re North Broadway Funding Corp.,
    34 B.R. 620 (Bankr. E.D.N.Y. 1980) .................................................................9

Progressive Casualty Insurance Co. v. Liberty Mutual,
    1996 U.S. Dist. LEXIS 13437 (S.D.N.Y. 1996).................................................10

In re Royster Co.,
    132 B.R. 684 (Bankr. S.D.N.Y. 1991).................................................................10

SEC v. McNulty,
    137 F.3d 732 (2d Cir. 1997) ...........................................................................2

In re Tender Loving Care Services, Inc.,
    377 B.R. 798 (E.D.N.Y. 2007) ........................................................................2

Transaero, Inc. v. La Fuerza Aerea Boliviana,
    162 F.3d 724 (2d Cir. 1998) cert. denied 526 U.S. 1146 (1999)...................................2

United States v. International Brotherhood of Teamsters,
    247 F.3d 370 (2d Cir. 2001) ....................................................................14, 15

**STATUTES**

28 U.S.C. § 158(a)(1) ..........................................................................................2

## PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT

Appellees 30 Main Street Construction Co., Inc. ("30 Main"), 125 Court Street, LLC ("125 Court") and Two Trees Management Company ("Two Trees") submit this brief in opposition to the appeal of Engineered Devices Corporation ("EDC") from the November 28, 2007 order (the "Appealed Order") of the Honorable Joel B. Rosenthal of the United States Bankruptcy Court for the Eastern District of New York denying EDC's motion ("the Rule 60 Motion") for an order: (i) reopening the above-captioned adversary proceeding (the "Adversary Proceeding") pursuant to § 350(b) of the Bankruptcy Code; (ii) vacating, pursuant to Federal Rule 60, a portion of a final order of the Bankruptcy Court approving the settlement of this Adversary Proceeding; and (iii) removing EDC's cross-claims and third-party claim in this Adversary Proceeding to the District Court.

In this appeal, EDC asserts that the Bankruptcy Court abused its discretion when it refused to grant EDC the extraordinary relief of vacating a final order (hereafter defined as the "Approval Order") approving a settlement which enjoined the commencement or continuation of claims against appellees 30 Main, 125 Court and Two Trees. EDC does not dispute that notice of presentment of the Approval Order was served upon it and that it failed to object to entry of the Order; nor does EDC dispute that the Approval Order clearly enjoined the continued prosecution of claims against 30 Main, 125 Court and Two Trees. Rather, EDC's counsel premised its request for vacatur of the Approval Order on the grounds that he did not "carefully review the order" and "I missed the point that the -- there was an injunction prohibiting Engineered Devices Corporation from proceeding with the tortious conversion litigation." EDC's counsel further admitted to the Bankruptcy Court that: "I guess I looked at the order and I didn't realize the extent of the prohibition against continuing lawsuits." In denying EDC's Rule 60 Motion, the Bankruptcy Court held: "Its unfortunate that counsel didn't realize what he

acknowledges now, but a package of papers is served so that you get the whole picture and you got to read them and that's unfortunate that that apparently didn't happen here."

The Bankruptcy Court properly exercised its discretion in denying EDC's motion to vacate the Approval Order.  The Second Circuit has repeatedly held that negligence of counsel, or counsel's failure to understand the scope of a stipulation or order, does not constitute grounds for vacating a final order under Federal Rule 60.  Moreover, the record below is clear that EDC knew, or should have known, that the Settlement resolved all claims against 30 Main, 125 Court and Two Trees.  The instant appeal is frivolous.  Accordingly, the Bankruptcy Court's order denying EDC's Rule 60 Motion should be affirmed.

## STATEMENT OF JURISDICTION

The Appealed Order is a final order and this Court has jurisdiction over this appeal under 28 U.S.C. § 158(a)(1).

## STANDARD OF APPELLATE REVIEW

The Second Circuit has repeatedly held that an appeal of an order denying or granting a motion under Federal Rule 60 is governed by an abuse of discretion standard.  See, e.g., Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998) cert. denied 526 U.S. 1146 (1999)("We review district court rulings on Rule 60(b) motions for abuse of discretion."); SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1997) (court will not reverse an order denying a Federal Rule 60 motion except for abuse of discretion).  In re Tender Loving Care Services, Inc., 377 B.R. 798 (E.D.N.Y. 2007) (Bianco, J.) (abuse of discretion standard applies to whether or not Court should have granted motion to reconsider under Rule 60).  An abuse of discretion exists where the lower court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."  Transaero, Inc., 162 F.3d at 729.

## COUNTER-STATEMENT OF ISSUES ON APPEAL

I.      Whether the Bankruptcy Court properly exercised its discretion under Federal Rule 60 when it denied EDC's motion to reopen the above-captioned adversary and vacate a final order approving a settlement, which has since been consummated, where counsel for EDC admitted that he did not file an objection to entry of the order approving the settlement because he did not carefully read the proposed order, and counsel allegedly did not understand the scope and effect of the order approving the settlement?

II.     Whether the Bankruptcy Court properly exercised its discretion under Federal Rule 60 when it denied EDC's motion to reopen the above-captioned adversary proceeding and vacate a final order approving a settlement between the Debtor and 30 Main, which settlement has since been consummated, where: (i) the Bankruptcy Court's Approval Order and the stipulation between the parties provided that all claims against 30 Main, 125 Court and Two Trees relating to the project at issue would be enjoined; (ii) the proposed order and stipulation were served on EDC; and (iii) EDC failed to file an objection to entry of the proposed order approving the settlement?

## STATEMENT OF FACTS AND CASE

### Background

Defendant 125 Court is the record owner of the Court House Apartment Complex located at 125 Court Street, Brooklyn, New York (the "Premises"). (App.17).[1] Defendant 125 Court entered into a contract with defendant 30 Main, pursuant to which 30 Main agreed to construct the apartment complex at the Premises (the "Project"). (App. 17). On or about February 14, 2004, defendant 30 Main entered into a contract with Carlton Concrete Construction Corporation

---

[1] Reference is made to the Appendix ("App.") filed by appellees 30 Main, 125 Court and Two Trees simultaneously with this appellee brief.

(the "Debtor"), pursuant to which the Debtor agreed to perform certain concrete and related work at the Premises (the "Debtor-30 Main Contract").  (App. 17-18).

The Debtor thereafter entered into a subcontract with EDC, the appellant herein, pursuant to which EDC agreed to supply the Debtor with equipment and material for the Project on both a rental and purchase basis.  (App. 134).  EDC alleges that it furnished to the Debtor various shoring, forming and related concrete and steel materials, and equipment.  (App. 135).

In or about August 2004, the Debtor ceased working at the Project.  (App. 135).  EDC alleges that it was notified by the Debtor to send a truck to the Project to pick up its equipment, but that its truck was refused entry to the Project.  (App. 135).  EDC alleges that it thereafter was able to recover some, but not all, of the equipment it leased to the Debtor for use at the Project.  (App. 135).  EDC alleges that the value of the equipment that was not returned was $168,448.54.[2]  (App. 136).

### EDC'S Mechanics Lien

On September 3, 2004, EDC filed a Mechanics' Lien on the Premises in the amount of $236,720.64 (the "EDC Lien").  (App. 222-224).  Paragraph 5 of the EDC Lien provides:

> Lienor furnished shoring, forming and related concrete and steel
> materials for the improvement of the real property described
> below.  Said lien is for the value of unreturned equipment and
> materials supplied and is separate from any other amounts asserted
> in any other lien filed by the Lienor.

(App. 223).

### The Adversary Proceeding

On September 30, 2004, the Debtor filed a voluntary Chapter 11 petition with the Bankruptcy Court.  (App.003).  On or about May 25, 2005, the Debtor commenced the instant adversary proceeding against inter alia, 30 Main and EDC (the "Adversary Proceeding").  (App.

---

[2]  In its brief, EDC claims that such amount was later reduced to $138,485.97.  Appellants Brief at p. 28.

003-012).  The Debtor's complaint (the "Complaint") sought to recover $2,207,841 from 30

Main for work allegedly done pursuant to the Debtor-30 Main Contract.  The Complaint also

purported to assert causes of action against numerous subcontractors who worked on the Project

including EDC, each of whom allegedly filed a mechanics lien on the Premises.  The Complaint

sought a determination of the validity and priority of the respective mechanics' liens.  (App. 003-

012).  EDC filed an answer to the Complaint and asserted a cross-claim against 30 Main and a

third-party claim against Two Trees seeking to recover the value of the alleged missing

equipment.  (App. 031-055).

### The Settlement

In May 2007, the Debtor agreed to a settlement (the "Settlement") of the instant

Adversary Proceeding with 30 Main.  (App. 079-115).  Under the Settlement, 30 Main agreed to

pay $300,000 (the "Settlement Amount") to the Debtor provided, inter alia, that mechanics liens

on the Premises were vacated and discharged, and all subcontractors were enjoined from

asserting any claims against 30 Main, 125 Court and Two Trees (hereafter collectively referred

to as the "Settling Defendants") and BNY concerning the Project.  (App. 117, 127).  From the

Settling Defendants' perspective, the purpose of the Settlement was to ensure that if any payment

was being made in connection with the Project, all liabilities of the Settling Defendants relating

to the Project were resolved.  (App. 168).

The Settlement was evidenced by two documents that were simultaneously negotiated by

the Debtor and the 30 Main: (i) a proposed order of the Bankruptcy Court approving the

Settlement (the "Approval Order"); and (ii) a stipulation of settlement between the Debtor and 30

Main (the "Stipulation") (App. 87-115).  The Stipulation was not to be signed by the parties until

after the Court entered the Approval Order, which authorized the Debtor to enter into the

Stipulation.  (App. 87-98).  Hence, the unsigned Stipulation was annexed as Exhibit A to the

Approval Order.  (App. 99-115).

On June 1, 2007, the Debtor served a notice of presentment of the Approval Order along

with a motion in support thereof pursuant to Rule 9019 of the Federal Rules of Bankruptcy

Procedure (the "9019 Motion").  (App. 070-115).  Paragraph 27 of the Approval Order, which

was served upon all parties, including EDC, provided:

> Pursuant to § 105(a) of the Bankruptcy Code, after the payment of
> the Carlton Payment, all persons and/or entities, including any
> such persons and/or entities claiming through or under Carlton
> whether as Subcontractors or otherwise, are permanently enjoined,
> prohibited and precluded from filing any mechanic's liens and/or
> commencing, continuing or maintaining any action, lawsuit,
> litigation or cause of action against 30 Main, 125 Court Street LLC
> ("125 Court"), Two Trees Management Co., LLC ("Two Trees"),
> The Bank of New York ("BNY"), or successor of 30 Main Street,
> Two Trees or BNY in connection with the Project.

(App. 097-098).

There is no dispute that: (i) notice of presentment of the Approval Order was duly served

upon EDC; (ii) that under the Approval Order, subcontractors at the Project, such as EDC, were

to be enjoined from asserting any claims against the Settling Defendants and BNY concerning

the Project; and (iii) EDC failed to object to entry of the Approval Order.  On June 14, 2007, the

Bankruptcy Court signed the Approval Order.  Following entry of the Approval Order: (i) the

Stipulation was signed; (ii) the Settlement Payment was made to the Debtor; and (iii) the

Adversary Proceeding was closed.  (App. 161).

### EDC's Rule 60 Motion

On October 22, 2007, EDC filed the Rule 60 Motion, which sought to reopen the

Adversary Proceeding for the purpose of vacating those portions of the Approval Order

enjoining EDC from commencing or continuing any action against the Settling Defendants

concerning the Project, and remanding EDC's cross-claims and third party claims in the

Adversary Proceeding to the District Court.  (App. 128-157).  EDC asserted that relief from the Approval Order's injunction was warranted under Federal Rule 60(b)(1) because EDC's failure to object to entry of the Approval Order was based on "mistake, inadvertence, surprise or excusable neglect."  (App. 147-152).  According to EDC, it was unaware that direct claims by EDC against the Settling Defendants and BNY were being enjoined as part of the Settlement because: (i) the language concerning the injunction prohibiting the assertion of claims against the Settling Defendants and BNY was more limited in the Stipulation than in the Approval Order entered by the Court; and (ii) the motion seeking approval of the Stipulation, which was filed by the Debtor, did not indicate that all claims against the Settling Defendants and BNY concerning the Project were being permanently enjoined under the Settlement.  (App. 137-142). Alternatively, EDC asserted that partial vacatur of the Approval Order was appropriate under the "catch-all" provision of Federal Rule 60(b)(6) which provides that relief from a final order or judgment may be granted for "any other reason justifying relief from the operation of the judgment."  (App. 152).

A hearing on the Rule 60 Motion was heard before the Bankruptcy Court on November 28, 2007 (the "Hearing").  (App. 251-269).  In asking for the extraordinary relief of vacating a consummated settlement, counsel for EDC did not dispute the fact that the proposed Approval Order served upon it clearly enjoined EDC from prosecuting claims against the Settling Defendants.  Rather, EDC's counsel argued:

> I carefully reviewed the Settlement agreement and the application. **Unfortunately, I did not as carefully review the order and what happened and that I missed the point that the -- there was an injunction prohibiting Engineered Devices Corporation from proceeding with the tortious conversion litigation**.

(App. 257-258) (emphasis supplied).

Counsel for EDC further stated at the Hearing:

> **I guess I looked at the order and I didn't realize the extent of the prohibition against continuing lawsuits**.

(App. 258).

After hearing argument, the Bankruptcy Court then denied EDC's Rule 60 Motion holding:

> **Its unfortunate that counsel didn't realize what he acknowledges now, but a package of papers is served so that you get the whole picture and you got to read them and that's unfortunate that that apparently didn't happen here**. I think both procedurally that at this point its too late and on substantive grounds I think that I had jurisdiction and that the order was appropriately entered it would be inequitable now to change that. I think, unfortunately, from EDC's perspective they're stuck with it too. The motion to reopen the adversary proceeding and vacate the order is denied.

(App. 264) (emphasis supplied)

On December 7, 2007, EDC filed its notice of appeal from the Bankruptcy Court's order denying the Rule 60 Motion.  (App. 271-280).

## ARGUMENT

### POINT I

### THE BANKRUPTCY COURT PROPERLY EXERCISED ITS DISCRETION IN DENYING EDC'S REQUEST TO VACATE PORTIONS OF THE APPROVAL ORDER BECAUSE EDC'S REQUEST WAS BASED ON ITS ADMITTED FAILURE TO READ PROPERLY THE APPROVAL ORDER THAT WAS SERVED ON IT

Federal Rule 60(b)(1), which is applicable herein pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, provides that: "On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect." Federal Rule 60(b)(6) is a "catch-all" provision that states the Court may provide relief from a final judgment, order or proceeding for "any other reason that justifies relief."

8

"Since Rule 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). The case law in this Circuit is clear that since settlements are favored in the law, a party seeking to vacate a final order approving a settlement in a bankruptcy case bears a heavy burden. See In re North Broadway Funding Corp., 34 B.R. 620, 622 (Bankr. E.D.N.Y. 1980) (denying motion for relief from settlement - "Stipulations of settlement are favored by the courts, especially in bankruptcy matters and they will rarely be set aside absent fraud, collusion, mistake or such other factors as would undo a contract."); In re Bradlees Stores, Inc., 291 B.R. 307, 311 (Bankr. S.D.N.Y. 2003) (denying motion for relief from order approving settlement). In re AMC Realty Corp., 270 B.R. 132, 146 (Bankr., S.D.N.Y. 2003) (denying motion for relief from order approving settlement-"settlement of bankruptcy claims should be liberally construed and a stricter standard is applied to a Rule 60(b) motion in this context.") In re AL and LP Realty Co., 164 B.R. 231, 234 (Bankr. S.D.N.Y. 1994) (denying motion for relief from order approving settlement - "Where, as here, the parties have submitted to an agreed-upon disposition instead of seeking a resolution on the merits... the burden to obtain Rule 60(b) relief is heavier than if one party proceeded to trial, lost and failed to appeal.") Indeed, EDC in its brief fails to cite to a single case where a court vacated a final order approving a bankruptcy settlement.[3]

The Second Circuit has repeatedly held that "an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment." Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986) (counsel's error in not contemplating the breadth of a stipulation dismissing claim was not sufficient mistake,

---

[3] Indeed, Federal Rule 60 relief was denied in each of the cases cited by EDC in its brief. See In re Artha Management, Inc., 91 F.3d 326 (2d Cir. 1996) (affirming lower court's denial of Federal Rule 60 motion seeking to vacate final order approving settlement in a bankruptcy case); In re Liu, 2001 Bankr LEXIS (Bankr S.D.N.Y 2001) (court refused to vacate bankruptcy settlement under Federal Rule 60 where party "had a full and fair opportunity to litigate their objections to the settlement.")

inadvertence, surprise or excusable neglect); <u>Dal Int'l Trading Co. v. Sword Line, Inc.</u>, 286 F.2d

523 (2d Cir. 1961) (creditors entry into stipulation dismissing its claim in a bankruptcy

proceeding in reliance on its perceived ability to assert such claim in an admiralty proceeding

was not a "mistake" entitling creditor to reopen the proceeding.)

Similarly, the Courts in this Circuit have consistently held that the carelessness or

ignorance of a litigant or its counsel do not provide grounds for relief under Federal Rule 60(b).

<u>See</u>, <u>e.g.</u>, <u>Progressive Casualty Ins. Co. v. Liberty Mutual</u>, 1996 U.S. Dist. LEXIS 13437, *6

(S.D.N.Y. 1996); <u>Congress Financial Corp. v. John Morrell & Co.</u>, 1992 U.S. Dist. LEXIS 8302

(S.D.N.Y. 1992); <u>In re Royster Co.</u>, 132 B.R. 684 (Bankr. S.D.N.Y. 1991).

In the instant case, EDC's sole basis for Federal Rule 60 relief is that it apparently

reviewed only the Stipulation and the Debtor's 9019 Motion, and that neither the Stipulation, nor

the 9019 Motion stated that all claims against the Settling Defendants and BNY concerning the

Project were being enjoined.[4]  While EDC in its brief states that it was "misled" by the

injunction language contained in the Approval Order (Appellant's Brief at p. 28), EDC does not

dispute that: (i) the Approval Order was served upon it by notice of presentment; (ii) the

Approval Order clearly provides that all claims against the Settling Defendants and BNY

concerning the Project are enjoined; and (iii) EDC failed to object to entry of the Approval Order

within the time provided in the notice of presentment.

Simply put, had EDC read the Approval Order that was served upon it, it would have

seen the injunction provision contained in the order.  Instead, EDC's counsel simply chose to

---

[4] As set forth in more detail Point II <u>infra</u> at pp.15-17 contrary to EDC's assertions, the Stipulation clearly provided that payment of the Settlement Amount would resolve all claims against the Settling Defendants concerning the Project. EDC claims that it was misled because the language of ¶ 27 of the Approval Order differs from ¶2.f. of the Stipulation concerning the injunction. However, had EDC simply read the Approval Order it would not have misunderstood the scope of the injunction. Moreover, ¶ 8 of the Stipulation, a document that EDC claims to have read, is clear that all claims of subcontractors relating to the Project were being resolved under the Settlement.

review only the 9019 Motion and the Stipulation, and ignore the most important document – this Court's Approval Order.[5]

While EDC in its brief before this Court now says that "the present case does not involve any allegation that Appellant's counsel ever misunderstood the legal significance of the six (6) words at issue inserted into the Order Approving Settlement or that he did not have time to pay any attention to the Debtor's Application when served upon him" (Appellant's Brief at p. 28), such statement is wholly inconsistent with EDC's argument before the Bankruptcy Court, where EDC's counsel admitted:

> **Unfortunately, I did not as carefully review the order and what happened and that I missed the point that the -- there was an injunction prohibiting Engineered Devices Corporation from proceeding with the tortiuous conversion litigation**.

(App. 257-258) (emphasis supplied)

EDC's counsel further expounded upon his failure to read and/or comprehend the Approval Order when he told the Bankruptcy Court:

> **I guess I looked at the order and I didn't realize the extent of the prohibition against continuing lawsuits**.

(App. 258) (emphasis supplied)

Federal Rule 60 is not designed to reward counsel's carelessness by allowing consummated settlements to be reopened. See In re Four Seasons Sec. Law. Litig., 502 F.2d 834 (10th Cir. 1974) (request for relief from a class action settlement was denied where movant's counsel had apparently failed to read the notice and a copy of the proposed order that was served upon it).

---

[5] In its memorandum of law in support of the Rule 60 Motion, EDC stated that it failed to oppose the 9019 Motion until its "recent examination of the entered Order Approving Settlement" and that EDC had relied upon alleged representations in the Stipulation and 9019 Motion "to perceive that the Application sought only approval of the terms and subject matter of the Settlement and not the additional inconsistent relief" set forth in the Approval Order. (App. 151).

Perhaps what makes EDC's argument more specious is that the Stipulation that EDC claims to have read was attached as Exhibit A to the Approval Order, which EDC's counsel apparently did not read.  In other words, EDC allegedly flipped past the initial 12 pages consisting of the Approval Order, which it ignored, and then allegedly read only the Stipulation that was attached to it.  See EDC's Memorandum of Law in support of the Rule 60(b) Motion. ("The Stipulation of Settlement is annexed as Exhibit A to the Notice of Presentment received with the Order Approving Settlement.")  (App. 149).

Equally misplaced is EDC's argument that it relied upon the 9019 Motion, which made no reference to the injunction against all claims against the Settling Defendants and BNY concerning the Project.  The 9019 Motion, which was filed by Debtor's counsel, contained a very general two paragraph description of the Settlement.  (App. 82-83).  No reasonable attorney would have relied solely upon such a brief description in formulating its decision whether to object to the Settlement, especially when the 12 page Approval Order was served simultaneously with the 9019 Motion.  A diligent attorney would clearly have read the Approval Order.

EDC tries to circumvent the fact that it did not read (or read carefully) the Approval Order by asserting that a partial vacatur of the Approval Order is warranted because the release provisions of the Approval Order were broader than the terms of the Stipulation, and that the terms of the Stipulation alone should control.  EDC's argument fails for a variety of reasons. First, it is clear that the Approval Order, not the Stipulation is the controlling document in this case.  The Stipulation was not to be signed until after the Approval Order was entered.  The 9019 Motion was clear that the parties were seeking entry of an order approving a "proposed stipulation."  (App. 82).  EDC could not have reasonably relied upon an unsigned stipulation which the 9019 Motion expressly referred to as a "proposed stipulation." Moreover, if there was even a doubt as to whether the Approval Order or Stipulation would be the controlling document,

paragraph 7 of the Stipulation expressly provides that it is "subject to" the Approval Order. (App. 104). Diligent counsel would have read the Approval Order. Finally, a Stipulation is typically binding only upon parties to the Stipulation, while an order is binding upon all parties to the proceeding who have received notice of the order. Hence, EDC's alleged reliance only upon the Stipulation (to which it was not a signatory) and ignorance of the terms of the Approval Order was not reasonable.

EDC was given a full and fair opportunity to be heard with respect to the Approval Order. EDC's alleged ignorance of the terms of the Approval Order was solely its own fault and due to carelessness in not reading the Approval Order. Moreover, to the extent that EDC is missing any equipment, it presumably would have insurance to cover its loss. Thus, EDC is not left without any remedy for its claim.

In its brief, EDC, in an act of desperation, tries to "create" an error of law by wrongly asserting that the Bankruptcy Court held that its Rule 60 Motion was untimely. (Appellant's Brief at p. 24-25) As support for this contrived argument, EDC takes out of context, the Bankruptcy Court's statement that "I think both procedurally that at this point its too late." (App. 264). The Bankruptcy Court's statement did not relate to whether EDC's Rule 60 Motion was untimely. Rather, taken in context, the Bankruptcy Court was stating that where the Approval Order was served upon EDC, and it failed to read the order and initially object to such order, it was now too late, after the Settlement was consummated, to object where EDC was unable to establish mistake, inadvertence, surprise, excusable neglect or other cause to vacate the Approval Order. There is no dispute that EDC's Rule 60 Motion was filed timely. However the Bankruptcy Court concluded that EDC failed to establish a basis for relief under Federal Rule 60.

In its brief, EDC raises for the first time on this appeal, its rationale as to why the Approval Order should not have been entered by the Bankruptcy Court in the first place.

(Appellant's Brief at p. 30-33). However, before even getting to the issue as to whether the Approval Order should have been entered by the Bankruptcy Court in June 2007, EDC must first establish a basis for relief under Federal Rule 60 (i.e., mistake, inadvertence, surprise, excusable neglect) as to why the Approval Order, a final order, should be vacated in whole, or in part. As set forth above, Bankruptcy Court's did not abuse its discretion in concluding that EDC failed to meet its burden under Federal Rule 60. Moreover, EDC's failure to raise before the Bankruptcy Court why the Approval Order should not have been signed in the first place, constitutes a waiver of such argument on appeal. In re Fayolle, 159 Fed. Appx. 221 (2d Cir. 2005) ("we hold that plaintiff waived all arguments not presented in the proceeding before the Bankruptcy Court"); In re Boy Harbour Assoc., 56 Fed Appx. 21 (2d Cir. 2003) (arguments not raised before lower court are waived on appeal).

Furthermore, EDC's own brief acknowledges that cases exist in this Circuit where a settlement enjoining a party from commencing a litigation has been upheld. In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 289 (2d Cir. 1992). However, EDC wrongly asserts that such injunctive relief is only appropriate in the context of a confirmed plan of reorganization. (Appellant's Brief at p. 31). EDC's argument is belied by at least one post-Drexel decision in this district, which approved a settlement enjoining parties from asserting claims against the settling defendants, on whose behalf monies were paid to the debtor's estate. Krohn v. Lawlor, 2007 U.S. Dist. LEXIS 66763 (E.D.N.Y. 2007) (approving settlement which enjoined third party claims against settling defendants).

Finally, EDC's request for relief under the "catch all" provision of Federal Rule 60(b)(6) is unavailing. As the Second Circuit has stated: "Controlling cases have held that if the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)." United States v. Int'l

14

Brotherhood of Teamsters, 247 F.3d 370, 391-392 (2d Cir. 2001).  In the instant case, EDC alleges that the facts herein establish "mistake, inadvertence, surprise or excusable neglect" under Federal Rule 60(b)(1).  EDC cannot use these same allegations as grounds for relief under the "catch all" provision of Federal Rule 60(b)(6).  Accordingly, the Bankruptcy Court properly exercised its discretion in denying the Rule 60 Motion and the Appealed Order should be affirmed.

## POINT II

### THE BANKRUPTCY COURT PROPERLY EXERCISED ITS DISCRETION WHEN IT DENIED THE RULE 60 MOTION BECAUSE THE STIPULATION THAT EDC PURPORTEDLY READ CLEARLY PROVIDED THAT ALL SUBCONTRACTOR CLAIMS AGAINST THE SETTLING DEFENDANTS WERE BEING RESOLVED

EDC's argument for partial vacatur of the Approval Order is also based upon the false assumption that only the Approval Order, and not the Stipulation, provided for a resolution of all claims against the Settling Defendants concerning the Project.  EDC's fallacious argument focuses only upon a comparison of some of the differences between paragraph 27 of the Approval Order and paragraph 2.f. of the Stipulation[6].  However, EDC ignores other provisions of the Stipulation, which clearly provided that all claims of subcontractors were being resolved under the Stipulation.

At the Hearing before the Bankruptcy Court, EDC's counsel acknowledged that he read the Stipulation.  (App. 257).  Paragraph 8 of the Stipulation provides that the claims of all subcontractors relating to "labor, materials, services and other work of every kind" with respect to the Project shall be deemed paid upon the payment of the Settlement Amount.  (App. 105).  Specifically, Paragraph 8 of the Stipulation states:

---

[6] While similar, ¶ 27 of the Approval Order and ¶2.f. of the Stipulation are not mirror images of each other even if the "six words" referred to an Appellants Brief were removed from the Approval Order.

> The "So Ordering" of this Stipulation by the Bankruptcy Court
> shall be deemed to include and set forth the following specific
> finding:

> "Upon payment of the Carlton Payment, 30 Main will have made
> a full and final payment of all amounts to be due Carlton on its
> own alleged account and on the alleged account of the
> subcontractors for all labor, materials, services and other work of
> every kind whatsoever alleged to have been furnished by Carlton
> and all subcontractors pursuant to the Agreement and/or with
> respect to the Premises."

(App. 105).  Accordingly, the unsigned Stipulation reviewed by EDC's counsel, as well as the

Approval Order, resolve all claims against the Settling Defendants with respect to the Project

EDC disingenuously attempts to get around this dilemma by asserting that its claim is for

"missing equipment," and not for "materials."  (App. 141).  However, in a proof of claim that

EDC filed with the Bankruptcy Court, EDC expressly categorized the alleged $168,448.54 claim

for missing equipment as a claim for "materials."  (App. 244.)  Moreover, even if EDC could

somehow now assert that its claim for the alleged missing equipment was no longer a claim for

"materials," such claim was clearly a claim relating to "other work of every kind" relating to the

Project and therefore fell within the scope of ¶ 8 of the Stipulation.

Furthermore, on September 3, 2004, EDC filed a mechanics lien in connection with the

Project in the amount of $236,720.64 (the "EDC Lien").  Paragraphs 5 of the EDC Lien

provides:

> Lienor furnished shoring, forming and related concrete and steel
> materials for the improvement of the real property described
> below.  Said lien is for the value of unreturned equipment and
> materials supplied and is separate from any other amounts asserted
> in any other lien filed by the Lienor.

(emphasis supplied)

In its Rule 60 Motion, EDC acknowledged that it knew that the Settlement was

discharging all mechanics liens on the Premises.  See Affidavit of David A. Nicolette filed in

support of Motion at ¶¶ 15-16.  (App. 138).  See also 9019 Motion at ¶ 13 ("As a result, the

Proposed Order includes a discharge and cancellation of the mechanic's liens that Debtor's

subcontractors have filed on the Property.") (App. 083).  Hence, EDC knew at all times that the

EDC Lien, which is the same claim for missing equipment that EDC wishes to now assert

against the Settling Defendants was to be discharged under the Settlement.  However, EDC

failed to object to approval of the Settlement and entry of the Approval Order.  Thus, there is no

basis for Federal Rule 60 relief in this case.

## POINT III

**IN THE ALTERNATIVE, SHOULD THIS COURT DETERMINE THAT THERE IS A
BASIS FOR FEDERAL RULE 60 RELIEF, THE COURT SHOULD VACATE THE
ENTIRE APPROVAL ORDER, RETURN THE PARTIES TO THE STATUS QUO
PRIOR TO THE SETTLEMENT AND REQUIRE THE RETURN OF THE
SETTLEMENT AMOUNT BECAUSE THE SETTLING DEFENDANTS AGREED TO
PAY $300,000 ONLY FOR THE RELEASE OR ENJOINMENT OF ALL CLAIMS
<u>RELATING TO THE PROJECT</u>**

Finally, in the alternative, should this Court determine that relief under Federal Rule 60 is

appropriate, the Court should vacate the entire Approval Order and not merely excise the

provisions enjoining all claims against the Settling Defendants and BNY concerning the Project.

In re Mettlen, 174 B.R. 822 (D. Kan 1994), the Court held that although it had the

power to modify or vacate an order approving a compromise or settlement "this equitable power

may be exercised only if the parties to the agreement can be restored to the positions they

occupied before they entered the agreement."  Thus, in Mettlen, the Court refused to rescind a

consummated settlement where the debtors already had turned over equipment pursuant to the

settlement and such equipment had already been sold.

In the instant case, 30 Main agreed to pay $300,000 for the resolution of all claims

against the Settling Defendants concerning the Project.  The injunction provision of the

negotiated Approval Order was an integral part of the Settlement.  In fact, the Stipulation was

expressly conditioned upon entry of the Approval Order.  (App. 103).  It would be fundamentally unfair to the Settling Defendants to strip them of the injunctive protections that were negotiated for in exchange for the $300,000 payment.  Therefore, if Federal Rule 60 relief is granted in this case it should be conditioned upon the $300,000 Settlement Payment being returned to 30 Main.

## CONCLUSION

Accordingly, for the reasons set forth above, this Court should enter an order affirming the Appealed Order and denying EDC's Rule 60 Motion.


Dated:      February 19, 2008
            New York, New York

                                    Respectfully submitted,
                                    THELEN REID BROWN RAYSMAN
                                    & STEINER LLP
                                    Attorneys for Appellees 30 Main,
                                    125 Court and Two Trees
                                    875 Third Avenue
                                    New York, New York 10022
                                    (212) 603-2000


                                    By: s/  Bruce J. Zabarauskas
                                        Bruce J. Zabarauskas (bz-7085)