Prepared by:
DAVID A. NICOLETTE, ESQ. (2087)

NICOLETTE & PERKINS, P.A.
3 University Plaza
Fifth Floor, Suite 503
Hackensack, New Jersey 07601
201-488-9080
Attorneys for Appellant/Defendant/
Counterclaimant/Cross-Claimant/
Third-Party Plaintiff,
Engineered Devices Corporation

------------------------------x
In Re:                         :
                               :
CARLTON CONCRETE CORPORATION   :
d/b/a M.D. CONSTRUCTION        :
CORP.,                         :
                               :
              Debtor.          :
------------------------------x
CARLTON CONCRETE CORPORATION   :
d/b/a M.D. CONSTRUCTION        :
CORP.,                         :
              Plaintiff,       :
                               :
      v.                       :
                               :
30 MAIN CONSTRUCTION CO.,      :
INC., 125 COURT STREET, LLC,   :
ENGINEERED DEVICES CORP.,      :
JOHN DOE ONE through JOHN      :
DOE ONE HUNDRED, ET AL.        :
                               :
              Defendants.      :
------------------------------x
ENGINEERED DEVICES            :
CORPORATION,                  :
                               :
              Third-Party      :
              Plaintiff,       :
      v.                       :
                               :
TWO TREES MANAGEMENT          :
COMPANY,                      :
              Third-Party      :
              Defendant.       :
------------------------------x

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

U.S.D.C. Case No.:08cv242-JFB

On Appeal From:
United States Bankruptcy Court
Eastern District of New York

Sat Below:
Honorable Joel B. Rosenthal,
U.S.B.J.
Chapter 11 Proceeding
Case No. 04-86237 (JBR)
Adv. Pro.  No. 05-8656 (JBR)

```
ENGINEERED DEVICES CORPORATION:
                               :
              Appellant,       :
     v.                        :
                               :
CARLTON CONCRETE CONSTRUCTION  :
d/b/a M.D. CONSTRUCTION CORP.,:
30 MAIN CONSTRUCTION CO.,INC.,:
125 COURT STREET, LLC., THE    :
BANK OF NEW YORK COMPANY,INC.,:
and TWO TREES MANAGEMENT CO., :
                               :
              Appellees.       :
-----------------------------x
```

**BRIEF OF APPELLANT, ENGINEERED DEVICES CORPORATION, IN REPLY TO THE BRIEFS OF APPELLEES, 30 MAIN CONSTRUCTION CO., INC., 125 COURT STREET, LLC AND TWO TREES MANAGEMENT COMPANY**

**Of Counsel and on the Brief**:

David A. Nicolette, Esq.

**On the Brief:**

John D. Giampolo, Esq.

-ii-

**TABLE OF CONTENTS**

LEGAL ARGUMENT

POINT I . . . . . . . . . . . . . . . . . . . . . . . . 1

THE NON-DEBTOR APPELLEES' CONTENTION THAT THE
LANGUAGE OF THE STIPULATION OF SETTLEMENT
BETWEEN THE CHAPTER 11 DEBTOR AND THE NON-
DEBTOR APPELLEES CLEARLY PROVIDES FOR THE
FINAL RESOLUTION AND INJUNCTION OF ANY AND ALL
CLAIMS, HELD BY ANY SUBCONTRACTORS AGAINST THE
NON-DEBTOR APPELLEES THAT CONCERN OR RELATE IN
ANY WAY TO THE APPELLEES' CONSTRUCTION
PROJECT, IS A BLATANT MISCHARACTERIZATION

A.   The Language of the Stipulation of
Settlement Only Provides for
Resolution and Injunction of the
Claims of Subcontractors Brought
"*By, Through, Or Under [the Debtor]*
Against [the Non-Debtor Appellees,]
30 Main, 125 Court or Two Trees" . . . . . . . . 3

B.   The Debtor Did Not Understand Or
Intend for the Language of the
Stipulation of Settlement, Which the
Debtor Negotiated and Entered With
the Non-Debtor Appellees, to Resolve
Or Enjoin the Appellant's State Law
Tort Claims Against the Non-Debtor
Appellees . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . 11

<u>**LEGAL ARGUMENT**</u>

<u>**POINT I**</u>

**THE NON-DEBTOR APPELLEES' CONTENTION THAT THE LANGUAGE OF THE STIPULATION OF SETTLEMENT BETWEEN THE CHAPTER 11 DEBTOR AND THE NON-DEBTOR APPELLEES CLEARLY PROVIDES FOR THE FINAL RESOLUTION AND INJUNCTION OF ANY AND ALL CLAIMS, HELD BY ANY SUBCONTRACTORS AGAINST THE NON-DEBTOR APPELLEES THAT CONCERN OR RELATE IN ANY WAY TO THE APPELLEES' CONSTRUCTION PROJECT, IS A BLATANT MISCHARACTERIZATION**

Appellant's Motion is based on <u>Rule</u> 60(b) of the <u>Federal Rules of Civil Procedure</u>, incorporated into the Bankruptcy Code by <u>Rule 9024 of the <u>Federal Rules of Bankruptcy Procedure</u> (hereinafter the "Rule 60 Motion").  The Appeal seeks a partial vacatur of the order entered by the lower Bankruptcy Court on June 14, 2007, approving the Stipulation of Settlement at issue (hereinafter the "Approval Order").  The Approval Order provides relief that is distinct and far more expansive than that contained in the Stipulation of Settlement, which the Approval Order merely purported to authorize. The language of the Stipulation of Settlement, and the Application for entry of the Approval Order, provides that the Settlement is merely a settlement of the Adversary Proceeding litigated in the Bankruptcy Court between the Defendant, 30 Main Construction Co., Inc. (hereinafter "30 Main"), general contractor for the project at issue, and 30 Main's immediate subcontractor, the Plaintiff, Chapter 11 Debtor, Carlton Concrete Construction (hereinafter the

"Debtor"), regarding the monies owed from the general contractor, 30 Main, to its immediate subcontractor, Debtor, and to all subcontractors claiming statutory mechanics' or construction liens on the project for materials or labor voluntarily rendered to the project pursuant to written contract "by, through or under the Debtor." By the inconspicuous insertion of the phrase, "*including any such persons and/or entities,*" which phrase is not to be found in the Stipulation of Settlement or the Application for the approval of the settlement, into a sentence of the Approval Order, ¶ 27, the Order purports to permanently enjoin, without any additional consideration, all persons and entities, whether subcontractors of Debtor or otherwise, from pursuing any legal claims against the Non-Debtor Appellees, 30 Main, 125 Court Street, L.L.C. (hereinafter "125 Court Street"), and Two Tree Management Company (hereinafter "Two Trees"), (hereinafter collectively the "Appellees"), arising from any matter connected to the Project in any way. (Appellant's Designation of Record on Appeal No. 59, Debtor's Application, the Stipulation attached thereto, ¶ 2f). The Appellant filed a Third-Party Complaint and Cross-Claims for conversion against the Non-Debtor Appellees. The phrase appears to enjoin Appellant's tort claim against the Appellees. The enjoining of claims not arising "by, through, or under the Debtor" was not mentioned or referred to in the Stipulation of Settlement or the Application seeking approval of the settlement. In theory, even

-2-

workman's personal injury and workman's compensation claims against the Non-Debtor Appellees would be enjoined. This was not the intention of the parties to the settlement, nor does the Stipulation of Settlement or Application reflect this intent. By the insertion of the phrase "including any such persons and/or entities," the Approval Order far exceeded the scope and intent of the Stipulation of Settlement, which enjoined only those persons claiming through the Debtor.

The Appellees argue the language of the Approval Order is not materially distinct or more expansive than that of the Stipulation of Settlement. However, this argument is a blatant mischaracterization, which becomes obvious by comparing the Approval Order to the Stipulation of Settlement and the Application for the Approval Order.

<u>THE STIPULATION OF SETTLEMENT BARS CLAIMS ARISING "BY, THROUGH OR UNDER THE DEBTOR." THE APPROVAL ORDER BARS THE COMMENCEMENT OR CONTINUATION OF ALL CLAIMS IN CONNECTION WITH THE PROJECT.</u>

**A. The Language of the Stipulation of Settlement Only Provides for Resolution and Injunction of the Claims of Subcontractors Brought "*<u>By, Through, Or Under [the Debtor]</u>* Against [the Non-Debtor Appellees,] 30 Main, 125 Court or Two Trees"**

The text of the Stipulation of Settlement provides that, in consideration for 30 Main's payment of $300,000.00 to the Debtor, the Debtor shall apply to and obtain from the Bankruptcy Court, the

Approval Order, or a separate order, "enjoin[], prohibit[], and preclud[] all persons and/or entities from claiming *by, through, or under [the Debtor]* and against 30 Main, 125 Court, Two Trees, or any affiliate, parent, subsidiary, executive, officer, employee, predecessor, assignee or successor of either and/or from filing any mechanics' lien and/or from commencing or maintaining any cause of action, lawsuit, litigation or other legal proceeding whatsoever against 30 Main, 125 Court, Two Trees, or the Premises." (Appellant's Designation of Record on Appeal No. 59, Debtor's Application, the Stipulation attached thereto, ¶ 2f (emphasis added)); <u>see</u> <u>also</u> (Appellees' Appendix in Support of Appellees' Brief, App. 187.)  The text of the Stipulation of Settlement does not provide for the resolution, discharge, or injunction of any claims of the Debtor's subcontractors against any of the Non-Debtor Appellees, other than those claims asserted *"by, through, or under [the Debtor]."*  It is only through the inconspicuous and deceptive insertion of the seven-word phrase into ¶ 27 of the Approval Order that the legal significance of the Settlement is altered to grant the Non-Debtor Appellees additional relief against valid claims outside the scope of the Settlement for no additional consideration.

While containing provisions virtually identical to that of the Stipulation of Settlement in all other respects, the Approval Order states that "*all persons and/or entities, including any such*

-4-

*persons and/or entities claiming by through or under Carlton whether as Subcontractors or otherwise*, are *permanently* enjoined, prohibited and precluded from [] commencing, continuing, or maintaining any action, lawsuit, litigation or cause of action against 30 Main, 125 Court Street[], Two Trees[], The Bank of New York[], or successor of 30 Main, 125 Court [Street], Two Trees or BNY in connection with the Project." (Appellant's Designation of Record on Appeal No. 60, the Order Approving Settlement, ¶ 27 (emphasis added).) Unlike the language of the Stipulation of Settlement, the foregoing language of the Approval Order grants the Non-Debtor Appellees a discharge and injunction not only from any and all claims held by the Debtor's subcontractors, arising from their statutory right to file a lien against the real estate, but also their claims that exist independent of a contractual relationship to the Debtor.

The relief provided by the foregoing provision in the Approval Order is far in excess and outside the scope of what is represented in the Debtor's Application and Stipulation, and beyond the scope of the relief sought by the Debtor's Adversary Complaint. The Adversary Complaint, which the Stipulation purports to resolve, seeks only a determination of the respective priority of the liens asserted by the Debtor, Appellant, and all the other named Defendants, which included other subcontractors of Debtor, with

respect to services and/or materials voluntarily rendered by same to the Project under written contract.

The Approval Order should be amended by approving an attached copy of the Stipulation of Settlement instead of the erroneous and deceptive paraphrasing and manipulation of the settlement language used in the Approval Order.

The Appellees contend that Appellants should have known from the text of ¶ 8 of the Stipulation of Settlement that the Settlement would resolve and enjoin all claims of the Debtor's subcontractors against any of the Appellees.  Paragraph 8 states:

> The "So Ordering" of this stipulation by the Bankruptcy Court shall be deemed to include and set forth the following specific finding:
>
> Upon payment of the Carlton Payment, 30 Main will have made a full and final payment of all amounts claimed to be due to Carlton on its own alleged account and on the alleged accounts of the subcontractors for all labor, materials, services, and other work of every kind whatsoever alleged to have been furnished by Carlton and all subcontractors pursuant to the Agreement and/or with respect to the Premises.

(Appellant's Designation of Record on Appeal No. 59, Debtor's Application, the Stipulation attached thereto, ¶ 8); see also (Appellees' Appendix in Support of Appellees' Brief, App. 105). However, the description of "accounts [] due" for "all labor, materials, services and other work of every kind whatsoever alleged to have been furnished ... pursuant to the [Subcontract between

–6–

the Debtor and 30 Main] and/or with respect to the Premises" does not include a subcontractor's compensatory damages, punitive damages, or restitution damages due under state law tort claims for conversion and/or theft of leased equipment.   The Appellant "furnished" its missing equipment to the Debtor for the improvement of the Premises under the terms of a rental agreement. (Appellant Brief, Statement of the Case, p. 10).   Becoming a victim of conversion or theft cannot be characterized as Appellant having voluntarily "*furnished*" the missing equipment to the Premises. Neither can the Appellant's loss of its equipment via conversion or theft in direct violation of that rental agreement, be characterized as "*labor, materials, services[, or] work of [any] kind*." (Appellant's Designation of Record on Appeal No. 59, Debtor's Application, the Stipulation attached thereto, ¶ 8); see also (Appellees' Appendix in Support of Appellees' Brief, App. 105.)

        **B.   The Debtor Did Not Understand Or Intend for the Language of the Stipulation of Settlement, Which the Debtor Negotiated and Entered With the Non-Debtor Appellees, to Resolve Or Enjoin the Appellant's State Law Tort Claims Against the Non-Debtor Appellees**

The Debtor did not intend or understand that the language of the Stipulation of Settlement and the Approval Order resolved or enjoined the Appellant's Tort Claim.   In response to Appellant's

-7-

initial Rule 60 Motion in the Bankruptcy Court, the Debtor submitted an Objection containing statements by Susan M. Pascale, Esq., of Debtor's duly retained Special Construction Litigation Counsel, that in negotiating and entering into the Settlement with the Appellees, the Debtor never agreed, intended, nor had reason to believe, that the Stipulation of Settlement or the Approval Order, or any part of the $300,000.00 settlement funds, would compensate, release, or permanently enjoin Appellant's Tort Claim.

> EDC's claims against 30 Main and Two Trees seem to be separate and distinct from anything [Debtor,] Carlton may have done. The basis for EDC's cross claims and third party complaint is tortious conversion of property by 30 Main, Two Trees and [125 Court Street][*sic*], not Carlton. As a result, *EDC's claims do not seem to be 'by or through Carlton' and, therefore, EDC does not appear to be estopped from pursuing its claims in state court* .... (Appellant's Designation of Record on Appeal No. 65, Debtor's Objection, ¶ D, p. 18) (emphasis added).

The Stipulation of Settlement was negotiated, entered into, and executed between the attorneys for the Debtor and the Non-Debtor Appellees. The attorneys for the Debtor who negotiated and entered into the Stipulation of Settlement on behalf of the Debtor did not know, intend, or understand that the Stipulation of Settlement or the Approval Order would resolve or enjoin claims of

-8-

Debtor's subcontractors other than those brought *"by, through, or under [the Debtor]."*

Appellees argue that Appellant should have known that the Stipulation of Settlement and the Approval Order provided for the resolution and injunction of Appellant's Tort Claim because the Stipulation of Settlement clearly resolves all subcontractors' mechanics' liens on the Premises and one of the liens filed by Appellant prior to Debtor's bankruptcy is based upon the monetary value of some of Appellant's missing equipment. (See Appellant Brief, Statement of the Case, p. 11.) Appellant filed the aforesaid lien to protect its interest in any statutory lien rights it may have had for the missing equipment prior to Debtor's bankruptcy. Appellant never waived the right to pursue the state law tort claim and timely filed the tort claim in Appellant's Third-Party Complaint and Cross-Claims against the Appellees. (See Appellant Brief, Statement of the Case, p. 11-13.) Paragraph 2f of the Stipulation of Settlement only provides for the resolution and injunction of Appellant's right to pursue the loss of its missing equipment via a mechanics' lien against the Premises and does not release or enjoin Appellant's independent right to recover for the missing equipment via a state law tort claim that is not brought *"by, through, or under [the Debtor]."*

The Debtor's statement that it never intended or understood for the Stipulation of Settlement, or the Approval Order, to

-9-

resolve or enjoin any claims of Debtor's subcontractors other than those brought *"by, through, or under [the Debtor],"* make clear that the specific vacatur of the Approval Order sought by Appellant's Rule 60 Motion and the Appeal hereunder do not require a vacatur of the entire Approval Order or the return of the settlement funds thereunder.  The Debtor did not intend and had no reason to know that the Settlement would resolve or enjoin any claims of Debtor's subcontractors other than those brought *"by, through, or under [the Debtor]."*  Nor did Appellant, as a subcontractor of Debtor, intend or have reason to know, prior to the Approval Order, that the Settlement would resolve or enjoin any claims outside those brought *"by, through, or under [the Debtor]."*  The Appellees seek through the distinct and inconspicuous language of ¶ 27 of the Approval Order, to unjustly obtain the release and injunction of tort liability that was not bargained for under the Stipulation of Settlement and for which the Appellant received no consideration.

### **CONCLUSION**

Based upon the foregoing, Appellant respectfully requests that this Honorable District Court reverse the Bankruptcy Court's November 28, 2007 Order and enter an order (1) to Reopen Adversary Proceeding Pursuant to 11 U.S.C. § 350(b) and <u>Local Bankruptcy Rule</u> 5010-1; (2) Vacating and/or Modifying the Approval Order to the extent that the provision which enjoins, releases and/or impairs the tort claims of the Appellant against the Non-Debtor Appellees

-10-

set forth in the Cross-Claims and Third-Party Complaint of Appellants be stricken; and (3) Removing the Cross-Claims and Third-Party Complaint of Appellants, Pursuant to 11 U.S.C. § 1452, to the United States District Court for the Eastern District of New York.

Respectfully submitted,
NICOLETTE & PERKINS, P.A.
Attorneys for Appellant/
Defendant/Counterclaimant/
Cross-Claimant/and Third-Party Plaintiff,
Engineered Devices Corporation


By:  /s/David A. Nicolette
DAVID A. NICOLETTE

Dated:  March 3, 2008

NICOLETTE & PERKINS, P.A.
3 University Plaza, Suite 503
Hackensack, New Jersey 07601
201-488-9080