UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
№ 08-CV-242 (JFB)
_____

IN RE: CARLTON CONCRETE CORPORATION D/B/A M.D. CONSTRUCTION CORPORATION,

Debtor.

ENGINEERED DEVICES CORPORATION,

Appellant,

VERSUS

CARLTON CONCRETE CONSTRUCTION D/B/A M.D. CONSTRUCTION CORPORATION, 30 MAIN CONSTRUCTION COMPANY, INC., 125 COURT STREET, L.L.C., THE BANK OF NEW YORK COMPANY, INC., AND TWO TREES MANAGEMENT COMPANY,

Appellees.
_____
MEMORANDUM AND ORDER
September 26, 2008
_____

JOSEPH F. BIANCO, District Judge:

The instant case is an appeal from a bankruptcy adversary proceeding of Debtor Carlton Concrete Corporation ("CCC" or Debtor) in the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court").

Defendant Engineered Devices Corporation ("EDC") appeals from the November 28, 2007 Order ("November 28 Order") of the Honorable Joel B. Rosenthal, United States Bankruptcy Judge, denying EDC's Rule motion under Fed. R. Bankr. P. 9024 and 11 U.S.C. § 350(b), based on Rule 60 of the Federal Rules of Civil Procedure (hereinafter, "Rule 60 motion"), for an order: (i) reopening the bankruptcy adversary proceeding; (ii) vacating a portion of a final order of the Bankruptcy Court approving a settlement in the adversary proceeding (the "Approval Order"); and (iii) pursuant to 11 U.S.C. § 1452, removing EDC's cross-claims and third-party claim to the District Court. The adversary proceeding settled by way of a stipulation between the Debtor and defendant 30 Main Street Construction Company ("30 Main") (the "Stipulation"). EDC alleges that the Bankruptcy Court abused its discretion

when it refused to reopen the bankruptcy adversary proceeding and partially vacate the Approval Order which, in part, enjoined the commencement or continuation of claims against defendants 30 Main, 125 Court Street, LLC ("125 Court") and Two Trees Management Company ("Two Trees"). EDC alleges that the injunctive language contained in that Approval Order was not present in the parties' Stipulation.

EDC now appeals from the November 28 Order on, among other things, the following grounds: (i) the Bankruptcy Court does not have the authority to enjoin or discharge EDC's cross-claim or third-party complaint against a non-Debtor where EDC did not voluntarily stipulate to such an injunction; and (ii) the Bankruptcy Court misinterpreted the relief requested by EDC.

As set forth below, the Court finds EDC's arguments on appeal to be unpersuasive and affirms the Bankruptcy Court's November 28 Order denying EDC's Rule 60 motion. The Bankruptcy Court did not abuse its discretion in refusing to grant EDC the extraordinary relief of partially vacating the Approval Order and reopening the adversary proceeding. It is undisputed in the record that notice of the settlement of the adversary proceeding, including the proposed Approval Order and Stipulation, were served upon EDC, that EDC was given an opportunity to file its objections to the Approval Order and Stipulation, and that EDC failed to object. Although EDC suggests that its counsel inadvertently failed to notice the injunctive language in the Approval Order, the Second Circuit has clearly held that negligence of counsel, or counsel's failure to understand the scope of a court order, does not constitute grounds for vacating a final order under Rule 60. After a careful review of the record and the submissions of the parties, this Court concludes that the Bankruptcy Court properly exercised its discretion in denying EDC's motion in its entirety.

I. BACKGROUND

The following facts are derived from the parties' briefs and the bankruptcy record on appeal.

A. The Project

125 Court is the record owner of the Court House Apartment Complex (the "Premises") located at 125 Court Street, Brooklyn, NY. (Appx. 17.)[1] 30 Main entered into a contract with 125 Court by which 30 Main agreed to construct the apartment complex at the Premises (the "Project"). (Appx. 17.) On or about February 17, 2007, 30 Main entered into a subcontract with Debtor CCC, where CCC agreed to perform certain concrete and related work on the Project for $17,998,778 (the "Debtor-30 Main Contract"). (Appx. 17-18.) CCC then entered into a subcontract with EDC, where EDC agreed to supply CCC with equipment and material for the Project on both a rental and a purchase basis. (Appx. 134.)

CCC alleged that it fully performed the work, labor, and services identified in the Debtor-30 Main Contract, as well as additional services outside of the scope of the contract. However, CCC alleged that 30 Main refused to make payment to CCC for the work CCC completed on the Project.

Around August 2004, EDC alleged that CCC ceased working on the Project. (Appx.

---

[1] "Appx." refers to the Appendix filed by Appellees 30 Main, 125 Court, and Two Trees.

135.) EDC alleged that it was notified by CCC to send a truck to the Project to pick up its equipment, but the truck was refused entry to the Project. (Appx. 135.) EDC alleges that it was able to recover some, but not all, of the equipment it leased to the Debtor for use at the Project. (Appx. 135.) EDC alleges that the value of the equipment that was not returned was $168,448.54.[2] (Appx. 136.) On September 3, 2004, EDC filed a mechanics' lien on the Premises in the amount of $236,720.64 (the "EDC Lien") for the "value of the unreturned equipment and materials supplied." (Appx. 222-24.)

### B. The Adversary Proceeding

On September 30, 2004, the Debtor filed a voluntary Chapter 11 petition with the Bankruptcy Court. (Appx. 3.) On May 25, 2005, Debtor commenced an adversary proceeding against 30 Main, EDC, and various other subcontractors (the "Adversary Proceeding"). (Appx. 3-12.) The Debtor's complaint sought to recover $2,207,841 from 30 Main for work allegedly done pursuant to the Debtor-30 Main Contract. The complaint also asserted causes of action against numerous subcontractors who worked on the Project, including EDC, each of whom allegedly filed mechanics' liens on the Premises. The complaint sought a determination of the validity and priority of the respective mechanics' liens. (Appx. 3-12.) EDC filed an answer to the complaint and asserted a cross-claim against 30 Main and a third-party claim against Two Trees seeking to recover the value of the alleged missing equipment. (Appx. 31-55.) 30 Main and the other defendants filed an answer to the complaint.

### C. The Settlement

Through discovery, Debtor's counsel concluded that the total amount due from 30 Main to CCC for CCC's work on the Project (including unbilled extra work) would amount to $342,643. (CCC's Br., at 3.) In May 2007, CCC and 30 Main agreed to settle Debtor's claims. Under the proposed settlement, 30 Main agreed to pay $300,000 to CCC provided, *inter alia*, that mechanics' liens on the Premises were vacated and discharged, and all subcontractors were enjoined from asserting any claims against 30 Main, 125 Court, and Two Trees (collectively, the "Settling Defendants") and the Bank of New York Company, Inc. ("BNY") concerning the Project. (Appx. 117, 127.)

The proposed settlement was set forth in two documents that were simultaneously negotiated by CCC and 30 Main: (1) a proposed order of the Bankruptcy Court approving the Settlement (the "Approval Order"); and (2) a stipulation of settlement between the Debtor and 30 Main (the "Stipulation"). (Appx. 87-115.) The Stipulation was not to be signed by the parties until after the Court entered the Approval Order, which authorized CCC to enter into the Stipulation. (Appx. 87-98.) The unsigned Stipulation was annexed as Exhibit A to the Approval Order. (Appx. 99-115.) Paragraph 27 of the Approval Order provided:

> Pursuant to § 105(a) of the Bankruptcy Code, after the payment of the Carlton Payment, all persons and/or entities, including any such persons and/or entities claiming through or under

---

[2] EDC claims in its brief that such amount was later reduced to $138,485.97. (EDC Br., at 28.)

3

Carlton whether as Subcontractors or otherwise, are permanently enjoined, prohibited and precluded from filing any mechanic's liens and/or commencing, continuing or maintaining any action, lawsuit, litigation or cause of action against 30 Main, 125 Court Street LLC ("125 Court"), Two Trees Management Co., LLC ("Two Trees"), The Bank of New York ("BNY"), or successor of 30 Main Street, Two Trees or BNY in connection with the Project.

(Appx. 97-98.)

On June 1, 2007, the Debtor served all parties, including EDC, with a notice of presentment of the Approval Order (the "Notice") along with a motion in support thereof pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion") and an unsigned copy of the Approval Order with the Stipulation attached as Exhibit A. (Appx. 70-115.) The Notice provided that any objections were to be received no later than June 8, 2007. (Appx. 71.) No party filed any objections with the Bankruptcy Court.

On June 14, 2007, the Bankruptcy Court approved the settlement and signed the Approval Order. Following entry of the Approval Order, CCC, 30 Main, Two Trees, and BNY executed the Stipulation, and settlement funds were paid to CCC. (Appx. 161.) CCC, in accordance with its obligations, provided the settlement funds to CCC's bankruptcy counsel. (Appx. 161.)

D.  The Rule 60 Motion

On October 22, 2007, EDC filed a motion with the Bankruptcy Court seeking to reopen the adversary proceeding for the purpose of vacating those portions of the Approval Order which enjoin EDC from commencing any action against 30 Main, 125 Court, Two Trees, and BNY concerning the Project, and removing EDC's cross-claims and third-party claims in the adversary proceeding to the District Court. The motion was based on Rule 60(b) of the Federal Rules of Civil Procedure, which is incorporated into the Bankruptcy Code by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

EDC sought relief under Rule 60(b)(1) on the grounds that EDC's failure to object to entry of the Approval Order was based on "mistake, inadvertence, surprise or excusable neglect." According to EDC, it was unaware that direct claims by EDC against the Settling Defendants and BNY were being enjoined as part of the settlement agreement because, among other things, (1) the language concerning the injunction prohibiting the assertion of claims against the Settling Defendants and BNY was more limited in the Stipulation than in the Approval Order entered by the Court; and (2) the motion seeking approval of the Stipulation, which was filed by the Debtor, did not indicate that all claims against Settling Defendants and BNY concerning the Project were being permanently enjoined under the settlement. (Appx. 137-42.)

On November 28, 2007, the Bankruptcy Court held a hearing on the Rule 60 Motion (the "Hearing"). (Appx. 251-69.) At the Hearing, EDC's counsel did not dispute the fact that the proposed Approval Order was served upon EDC, nor that it clearly enjoined

EDC from prosecuting claims against the Settling Defendants and BNY. Instead, EDC's counsel argued:

> I carefully reviewed the Settlement agreement and the application. Unfortunately, I did not as carefully review the order and what happened and that I missed the point that the – there was an injunction prohibiting Engineered Devices Corporation from proceeding with the tortious conversion litigation.

(Appx. 257-58.) The Bankruptcy Court denied EDC's motion. Specifically, the Bankruptcy Court stated:

> [T]his is one of the unfortunate situations, however, I do agree with counsel for 30 Main and with the debtor. It's unfortunate that counsel didn't realize what he acknowledges now, but a package of papers is served so that you get the whole picture and you got to read them and that's unfortunate that that apparently didn't happen here. I think both procedurally that at this point it's too late and on substantive grounds I think that I had jurisdiction and that the order was appropriately entered it would be inequitable now to change that. I think, unfortunately, from EDC's perspective they're stuck with it too. The motion to reopen the adversary and to vacate the order is denied.

(Oral Arg. Tr, at 14.) EDC now appeals the Bankruptcy Court's denial of its Rule 60 motion.

### E. Procedural History

EDC filed the instant appeal on January 16, 2008 and its brief on February 1, 2008. Appellees 30 Main, 125 Court, and Two Trees, collectively, and CCC filed their opposition papers on February 19, 2008. EDC filed its reply papers on March 3, 2008.

On March 20, 2008, 30 Main, 125 Court, and Two Trees moved for sanctions against EDC. On March 31, 2008, EDC filed papers in opposition to the motion for sanctions.

## II. STANDARD OF REVIEW

Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that a reviewing court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree," or it may remand with instructions for further proceedings. *See* Fed. R. Bank. P. 8013.

The Court will review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error. *See Denton v. Hyman (In re Hyman)*, No. 05-7026-BK, 2007 WL 2492789, at *3 (2d Cir. Sept. 6, 2007); *see also Lubow Mach. Co. v. Bayshore Wire Prods. (In re Bayshore Wire Prods.)*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the District Court, we review the Bankruptcy Court's findings of fact for clear error, . . . its conclusions of law de novo, . . . its decision to award costs, attorney's fees, and damages for abuse of discretion."); *accord Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere*

*Clubs)*, 922 F.2d 984, 988-89 (2d Cir. 1990).

"Federal Rule of Civil Procedure 60(b) governs motions for relief from a final judgment or order and provides six independent grounds for relief."[3] *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). For purposes of this appeal, Rule 60(b)(1) is the key provision.[4] Rule 60(b)(1) enables a district court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). As noted *supra*, Rule 60(b) is incorporated into the Bankruptcy Code by Rule 9024 of the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 9024.

This Court reviews the grant or denial by the Bankruptcy Court of a motion for relief from judgment pursuant to Rule 60(b) for abuse of discretion.[5] *See In re Lawrence,* 293 F.3d 615, 623 (2d Cir. 2002) ("The District Court would have been required to review for abuse of discretion any decisions by the Bankruptcy Court with respect to Rule 60(b), and we would have then reviewed the District Court's decision *de novo*."); *In re Teligent, Inc.,* 326 B.R. 219, 224 (S.D.N.Y. 2005) ("[W]ith respect to the denial of a Rule 60 motion, the decision by the Bankruptcy Court is reversed only for an abuse of discretion."); *see also Nemaizer v. Baker*, 793 F.2d 58, 61-62 (2d Cir. 1986) ("A motion seeking [Rule 60(b)] relief is addressed to the sound discretion of the district court with appellate review limited to determining whether that discretion has been abused.") (citations

---

[3] Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

[4] Although EDC also mentions Rule 60(b)(6) in its appeal, it is abundantly clear that such a rule is not applicable in the instant case. Rule 60(b)(6) is a catch-all provision that allows relief for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). As discussed below, EDC has not demonstrated any such extraordinary circumstance in this case that would merit relief from the judgment.

[5] The Court notes that, even under a *de novo* standard of review, this Court would uphold the Bankruptcy Court's decision on the record in the instant case for the reasons discussed *infra*.

omitted). Under this standard, a court "'would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Transaero*, 162 F.3d at 729 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). "'An appeal from the denial of a motion for relief under Rule 60 brings up only the denial of the motion and not the [merits of the underlying] judgment itself.'" *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d Cir. 1994) (alteration in original) (citation and quotations marks omitted)).

### III. DISCUSSION

#### A. Rule 60(b)(1)

EDC argues that the Bankruptcy Court abused its discretion in denying its motion pursuant to Rule 60(b)(1) for "mistake, inadvertence, surprise or excusable neglect." Specifically, EDC seeks to modify the order confirming settlement because it failed to notice upon receipt of the Approval Order that it would deprive EDC from being able to assert its cross-claim and third-party tort claims against the third-party defendants. As set forth below, the Court disagrees with EDC's arguments and finds no basis for disturbing the Bankruptcy Court's discretionary decision to deny the Rule 60 motion.

"'Rule 60(b)(1) affords a party relief from a material mistake that changed the outcome of the court's judgment.'" *In re Bulk Oil (USA) Inc.*, Nos. 93 Civ. 4492, 4494 (PKL), 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (quoting *Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999)). However, Rule 60(b)(1) will not provide a movant an additional opportunity to make arguments or attempt to win a point already "carefully analyzed and justifiably disposed." *Id.* (internal quotation and citation omitted). The Second Circuit has instructed that relief under Rule 60(b) is "extraordinary" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer*, 793 F.2d at 61; *accord United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994). Bankruptcy courts in the Second Circuit have placed a heavy burden upon a party seeking to vacate a final order approving a settlement. *See, e.g., In re N. Broadway Funding Corp.*, 34 B.R. 620, 622 (Bankr. E.D.N.Y. 1980) (denying motion for relief from settlement); *In re Bradlees Stores, Inc.*, 291 B.R. 307, 311 (Bankr. S.D.N.Y. 2003) (denying motion for relief from order approving settlement); *In re AMC Realty Corp.*, 270 B.R. 132, 146 (Bankr. S.D.N.Y. 2003) (same); *In re Al and LP Realty Co.*, 164 B.R. 231, 234 (Bankr. S.D.N.Y. 1994) (same).

EDC contends it was not aware of the injunctive language in the Approval Order enjoining all claims against 30 Main (and other defendants) related to the Project because its counsel failed to see such language in the Approval Order. However, as set forth below, the Bankruptcy Court correctly determined in its discretion that counsel's failure to review the language was not a sufficient ground to grant EDC's Rule 60 motion under the circumstances of this case.

It is well settled in the Second Circuit that "an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment." *Nemaizer*, 793 F.2d at 62 (holding that counsel's error in not contemplating the breadth of a stipulation dismissing a claim does not constitute

mistake, inadvertence, surprise or excusable neglect for purposes of Rule 60(b)); *see also O'Connor v. Pan Am Corp.*, No. 98 Civ. 7838, 2000 WL 254010, at *3 (S.D.N.Y. Mar 7, 2000), *aff'd* 2001 WL 246056 (2d Cir. Mar. 12, 2001) (denying motion for reconsideration where appellant was well aware of a prior settlement waiving all claims against defendant in order to resolve administrative claim). Moreover, carelessness or ignorance of a litigant or its counsel does not provide grounds for relief under Federal Rule 60(b)(1). *See, e.g., Progressive Casualty Ins. Co. v. Liberty Mutual*, No. 91 Civ. 2477 (SWK) (LB), 1996 U.S. Dist. LEXIS 13437, at *6 (S.D.N.Y. Sept. 13, 1996) (denying relief under Rule 60(b)(1) where the mistake was the result of counsel's own neglect); *Congress Fin. Corp. v. John Morrell & Co.*, No. 90 Civ. 7191 (RPP), 1992 U.S. Dist. LEXIS 8302, at *8 n.3 (S.D.N.Y. June 3, 1992) ("[A] conscious decision made by counsel which has proved incorrect or unfortunate for a party is not the sort of excusable neglect contemplated by Rule 60(b).") (citing *United States v. Erdoss*, 440 F.2d 1221 (2d Cir. 1971), *cert. denied* 404 U.S. 849 (1971)).

In the instant case, it is abundantly clear that EDC did not carefully read the Approval Order. EDC's own representations to the Bankruptcy Court acknowledge that the reason EDC was not aware of its waiver of claims was because of counsel's carelessness. For instance, at the hearing on the Rule 60 motion, counsel for EDC explicitly admitted:

> Unfortunately, I did not as carefully review the order and what happened and that I missed the point that the – there was an injunction prohibiting Engineered Devices Corporation from proceeding with the tortuous [sic] conversion litigation.

(Appx. 257-58.) Counsel for EDC further stated, "I guess I looked at the order and I didn't realize the extent of the prohibition against continuing lawsuits." (*Id.* 258.) Similar to *Nemaizer*, counsel cannot now rely on his own carelessness in vacating (or partially vacating) a final order of the Bankruptcy Court. To allow EDC to partially vacate the Approval Order and reopen the adversary proceeding after the settlement money has been paid to Debtor and the settlement funds were made available to be released to the CCC's creditors, would be unfair, prejudicial, and contrary to the policy of preserving the finality of judgments. *Nemaizer*, 793 F.2d at 61; *see also Paddington Partners v. Econocom*, 34 F.3d 1132, 1144 (2d Cir. 1994) (stating that Rule 60(b) "preserves a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period of time"). EDC does not cite, and the Court is unaware of, any case in which under similar circumstances a court has granted a Rule 60 motion and reversed the settlement and distribution of funds. Given these circumstances, it certainly was not an abuse of discretion for the Bankruptcy Court to deny the motion.

In reaching this decision, this Court has reviewed all of EDC's arguments in support of its position and finds them unpersuasive. First, EDC suggests that it was misled by defendant's insertion of the injunctive clause in the Approval Order, which contained more expansive language than that in the Stipulation. The Stipulation states, in relevant part:

> [The check shall be payable after] delivery to 30 Main of a final unappealable order of the Bankruptcy Court . . . which can be included as part of the Approved Order enjoining, prohibiting, and precluding *all persons and/or entities from claiming by, through, or under Carlton* and against 30 Main [and other defendants] from filing any mechanics' lien and/or from commencing or maintaining any cause of action, lawsuit, litigation or other legal proceeding whatsoever against 30 Main, 125 Court, Two Trees or the Premises.

(Stipulation ¶ 2(f)) (emphasis added). The Approval Order states, in relevant part:

> [A]fter the payment of the Carlton Payment, *all persons and/or entities, including any such persons and/or entities claiming by through or under Carlton whether as Subcontractors or otherwise,* are permanently enjoined prohibited and precluded from filing any mechanic's liens and/or commencing, continuing, or maintaining any action, lawsuit, litigation or cause of action against 30 Main [and other defendants] in connection with the Project.

(Approval Order ¶ 27) (emphasis added). EDC argues that the injunctive clause in the Approval Order was substantially similar to that in the Stipulation, except the alteration in language in the Approval Order broadened the scope of the injunction to cover all claims against defendants – including EDC's tort claims. Thus, according to EDC, when its counsel read the Stipulation, he was misled into believing that the settlement did not impact EDC's ability to sue (and then did not adequately focus on the language of the Approval Order).

As an initial matter, in making this argument that the differences in language between paragraph 27 of the Approval Order and paragraph 2.f. of the Stipulation led to its confusion, EDC has ignored other provisions of the Stipulation which, like the Approval Order, make clear that all claims of the subcontractors were being resolved by the Stipulation. Specifically, although EDC's counsel acknowledged that he had read the Stipulation, (Appx. 257), he apparently did not note that paragraph 8 of the Stipulation provides that the claims of all subcontractors relating to "labor, materials, services and other work of every kind" with respect to the Project shall be deemed paid upon payment of the settlement amount.[6] Therefore, the Stipulation itself also put EDC on notice that it was attempting to resolve all claims against the Settling Defendants with respect to the Project.

In any event, there was nothing

---

[6] Paragraph 8 of the Stipulation provided that: "'Upon payment of the Carlton Payment, 30 Main will have made a full and final payment of all amounts claimed to be due to Carlton on its own alleged account and on the alleged accounts of the subcontractors for all labor, materials, services, and other work of every kind whatsoever alleged to have been furnished by Carlton and all subcontractors pursuant to the Agreement and/or with respect to the Premises.'" (App. 105.)

9

ambiguous about the Approval Order and EDC's argument that it was "misled" by the injunctive language contained in the Approval Order is wholly contradicted by the record on appeal. It is undisputed that the Approval Order clearly provided that all claims against the Settling Defendants and BNY concerning the Project were enjoined, and that the Approval Order was served upon EDC. EDC does not argue that it never received the Approval Order. In fact, EDC acknowledges that it did receive the Approval Order yet "missed" the injunction. (*See* Appx. 57-58.) Thus, there is simply no basis for EDC to claim that it was not given proper notice of the injunction and no excuse for failing to carefully read its clear language. (*See* EDC's Br., at 16.) Moreover, to the extent that EDC argues that it was also not given the opportunity to object to the injunction, that is similarly unsupported by the record. The Notice provided that any objections to the proposed settlement were to be received no later than June 8, 2007. (Appx. 71.) EDC had every opportunity to contest the language in the Approval Order, but failed to object within the time provided by the Notice. There is absolutely no evidence to suggest that defendants or anyone else concealed such language from EDC.[7]

Second, EDC contends that the Bankruptcy Court wrongly applied Second Circuit authority – specifically *Nemaizer v. Baker* – to the facts in the instant case. EDC attempts to distinguish *Nemaizer* on the grounds that "the present case does not involve any allegation that Appellant's counsel ever misunderstood the legal significance of the six (6) words at issue inserted into the Order Approving Settlement or that he did not have time to pay any attention to the Debtor's Application when served upon him." (EDC's Br., at 28.) The Court finds EDC's attempt to distinguish *Nemaizer* unavailing. As described above, counsel for EDC admitted at the hearing before the Bankruptcy Court that he did not "carefully review the order," "missed the point that . . . there was an injunction," and "looked at the order and [] didn't realize the extent of the prohibition against continuing lawsuits." (Appx. 257-58.) Thus, similar to the situation in *Nemaizer*, EDC is claiming that it failed to carefully review the Approval Order and did not understand its legal consequences. Such a contention is not a

---

[7] To the extent EDC also argues that it was under the impression that the Stipulation, rather than the Approval Order, was binding on EDC, that argument is misplaced. The Stipulation states, in pertinent part:

> This stipulation is expressly subject to and contingent upon the entry of the Approval Order by the Bankruptcy Court. If the Bankruptcy Court does not issue the Approval Order, this stipulation shall be null, void, and of no force or effect . . . .

(Appx. 104.) The record is abundantly clear that the Approval Order was the controlling document in the settlement arrangement. The Stipulation was subject to the Approval Order and was not to be signed until after the Approval Order was granted by the Bankruptcy Court. Moreover, an order by the court is binding upon all parties. Thus, there is no basis for EDC to believe that it would not be subject to the Approval Order. Similarly, to the extent that EDC also contends that it relied upon the 9019 Motion, which did not contain any reference to an injunction, that claim is equally misplaced. There is no reasonable basis for only reading the 9019 Motion without reading the controlling document, namely, the Approval Order (which was sent along with the 9019 Motion and binding upon all parties by the Bankruptcy Court).

10

basis for vacating a judgment, especially after the money has been distributed pursuant to the Approval Order. In short, the Bankruptcy Court's discretionary decision in this case was not based on an erroneous application of Second Circuit authority, but rather correctly applied the standard articulated in *Nemaizer* and other cases.

Third, EDC argues that the Bankruptcy Court's order denying its motion was based upon a "misinterpretation of the relief requested by the motion and an improper application of Rule 60 to the facts of this case." (EDC's Br., at 24.) For instance, EDC claims that the Bankruptcy Court denied its motion because it erroneously believed EDC was looking to vacate the settlement in its entirety, which would ultimately prejudice those parties that relied upon the agreement. (*Id.* at 25-26.) EDC contends that its Rule 60 motion was actually not an objection to the settlement, but only to the clause in the Approval Order expanding the language in the Stipulation to include all claims by EDC against defendants (not just those related to the lien). The Court finds that argument to be meritless for a variety of reasons. As an initial matter, even if EDC were just objecting to the language of the Approval Order, that should have been objected to during the time provided in the Notice, not after the Approval Order was placed into effect. All parties had an opportunity to object and no one did. More importantly, EDC is mistaken in arguing that its request for a partial vacatur of the injunctive clause in the Approval Order would not impact the settlement for all other parties. The record reflects that defendants took into account all of the outstanding claims against them when devising the settlement amount of $300,000, which was expressly conditioned upon entry of the Approval Order, as discussed above. To have the court excise the injunctive language and allow EDC to pursue tort claims relating to the Premises/Project would substantially undermine the value of settling the case to the defendants – who contend that they would not have settled for $300,000 had those claims not been extinguished and, thus, argue they should be entitled to relief from the entire settlement if EDC's motion is granted. (*See* 30 Main Br., at 17-18 ("It would be fundamentally unfair to the Settling Defendants to strip them of the injunctive protections that were negotiated for in exchange for the $300,000 payment. Therefore, if Federal Rule 60 relief is granted in this case it should be conditioned upon the $300,000 Settlement Payment being returned to 30 Main."); *see also* CCC Brief, at 16 ("EDC's argument that only a portion of the Approved Order need be modified and Carlton can retain the $300,000 is specious. According to the very terms of the Stipulation of Settlement, such Stipulation was contingent upon approval of the Order in the form it was filed. Quite simply, any modification to the Approval Order would destroy the settlement and require the return of monies that Bankruptcy counsel had the right to and may have distributed to creditors – this would result in a procedural nightmare – a nightmare that could have been avoided had EDC and its counsel not acted recklessly and taken the five minutes necessary to review the proposed order.").) That extraordinary relief is not warranted here where the Rule 60 motion was based solely on EDC's own failure to read the Approval Order. EDC failed to show that the Bankruptcy Court misunderstood the relief that it was seeking or erred when it concluded that re-opening the adversary proceeding and vacating a portion of the Approval Order would impact the viability of the entire

Stipulation and settlement.[8]

Fourth, EDC's argument that the Bankruptcy Court erred because it denied EDC's Rule 60 motion on the grounds of timeliness is without merit. The Bankruptcy Court specifically stated:

> I think both procedurally that at this point it's too late *and on substantive grounds* I think that I had jurisdiction and that the order was appropriately entered it would be inequitable now to change that.

(Hr'g Tr., at 14) (emphasis added). As an initial matter, it is ambiguous whether the Bankruptcy Court, in referencing that the motion was "too late," was concluding that it was untimely under Rule 60. Contrary to EDC's position, Debtor and the defendants argue that, based on the context of the comment, the Bankruptcy Court was merely commenting that it was unreasonable for EDC to wait six months to bring the motion (and after the settlement funds had been distributed), but was not suggesting that the motion was untimely under the Rule. In any event, regardless of whether the Bankruptcy Court's language can be interpreted as a finding of untimeliness, the record clearly reflects that the Bankruptcy Court also denied EDC's motion "on substantive grounds" because plaintiff did not meet his burden of showing "mistake, inadvertence, surprise or excusable neglect" under Rule 60(b)(1) and, in reaching that decision on the merits in his discretion, noted the inequitable result to the other parties of granting such relief. Accordingly, the Bankruptcy Court did not abuse its discretion in commenting on the lateness of EDC's motion or objections, given that the Bankruptcy Court clearly ruled on the motion on the merits (even if it erroneously also believed it was untimely under the Rule).

Finally, EDC contends that the Bankruptcy Court abused its discretion because the Debtor never intended to enjoin all claims against the defendants. However, EDC fails to provide any evidence in the record to support that contention. Instead, EDC merely offers speculation as to the Debtor's intent. In fact, Debtor disputes that there was a mistake in the terms of the settlement or that the injunctive language in the Approval Order was inserted in error. (*See* CCC Br., at 17 ("Carlton has never affirmatively stated that it believed that EDC's tort claims would not be permanently enjoined by the Approval Order. Indeed, it is not for Carlton to say, nor was it a portion of the settlement that was relevant to Carlton – it was something upon which 30 Main

---

[8] Similarly, contrary to EDC's contention, the Bankruptcy Court was well within its discretion to dispose of EDC's cross-claims and third-party claims and enter the injunction. EDC chose to bring those claims in Bankruptcy Court alongside the other claims in the proceeding. In doing so, EDC conferred jurisdiction upon the Bankruptcy Court to resolve such claims – including disposing of them (without a timely objection from EDC) as part of a global settlement and issuing an injunction. *See, e.g., In re Drexel Burnham Lambert Group*, 960 F.2d 285, 289 (2d Cir. 1992) ("In bankruptcy cases, a court may enjoin a creditor from suing a third party, provided the injunction plays an important part in the debtor's reorganization plan. . . . The Settlement Agreement is unquestionably an essential element of Drexel's ultimate reorganization. . . . Thus, we hold that the district court did not abuse its discretion in approving the injunction.") (citation omitted); *see also Krohn v. Lawlor*, No. 06 CV 4916 (BMC), 2007 WL 2687663, at *3 (E.D.N.Y. Sept. 10, 2007) (approving settlement that enjoined third party claims).

insisted.").) EDC has put forth no evidence to support their argument to the contrary. Moreover, as discussed in the Debtor's opposition papers, the critical question is not how the language came to be part of the Approval Order. It was EDC's responsibility to object during the time provided to the language of the Approval Order, and its failure to do so is EDC's own mistake, not the mistake of the Debtor. As discussed in detail above, EDC's mistake does not provide a grounds for relief under Rule 60(b)(1) under the facts of this case and there is no basis to disturb the Bankruptcy Court's ruling in that regard.

B.  Rule 60(b)(6)

EDC also appears to assert that the Bankruptcy Court abused its discretion in not granting the motion under the catch-all provision of Rule 60(b)(6), which allows relief for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). As discussed below, the Court also finds that argument unpersuasive.

Rule 60(b)(6) is reserved for only the most limited of circumstances. In *Nemaizer*, the Second Circuit stated that Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief, . . . when the judgment may work an extreme and undue hardship, . . . and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Nemeizer*, 793 F.2d at 63 (citations omitted).

As a threshold matter, the Court notes that the basis for relief being sought by EDC clearly falls with the parameters of Rule 60(b)(1) and EDC did not articulate to the Bankruptcy Court (or this Court) any separate grounds for relief that warrant consideration under the catch-all provision of Rule 60(b)(6). *See United States v. Int'l Brotherhood of Teamsters,* 247 F.3d 370, 391-92 (2d Cir. 2001) ("Controlling cases have held that if the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)."); *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 55 (2d Cir. 1989) ("[A court] may treat a motion to vacate a prior judgment as having been made under 60(b)(6) only if the other, more specific grounds for relief encompassed by the rule are inapplicable."); *accord Oparaji v. N.Y. Dep't of Educ.*, No. 00 Civ. 5953 (ENV) (VVP), 2006 WL 2220836, at *2 (E.D.N.Y. July 20, 2006). Thus, Rule 60(b)(6) does not apply to the instant case, as EDC only offers grounds for relief which are covered by Rule 60(b)(1).

However, even assuming *arguendo* that EDC has asserted a ground distinct from those five grounds already enumerated under Rule 60(b), EDC's argument still fails. First, EDC has not pointed to any extraordinary circumstance or extreme and undue hardship to warrant relief for its mistake in "missing" the injunctive language in the Approval Order. Moreover, after a thorough review of the record, the Court does not find any evidence of extraordinary circumstances or extreme and undue hardship. The record is undisputed that (1) the Approval Order was served upon EDC by notice of presentment, (2) the Approval Order clearly provides that all claims against 30 Main, 125 Court, Two Trees, and BNY concerning the Project are enjoined, and (3) EDC failed to object to the entry of the Approval Order within the time provided in the notice and waited six months before making the Rule 60 motion (after the settlement was consummated and the funds paid). In fact, on this record, an extreme and

undue hardship would have resulted on the other parties if the Bankruptcy Court had granted the motion.  In short, there are no extraordinary circumstances or other grounds for relief under Rule 60(b)(6) that the Bankruptcy Court overlooked in denying EDC's motion. Accordingly, the Bankruptcy Court did not abuse its discretion in failing to grant the motion under Rule 60(b)(6).

In sum, having carefully reviewed the record in this case and the submissions of the parties, the Court finds that the Bankruptcy Court's denial of EDC's Rule 60(b) motion did not constitute an abuse of discretion.  As outlined above, Judge Rosenthal's decision is amply supported by the record and EDC failed to point to any basis to conclude that he abused his discretion.[9]

IV. CONCLUSION

For the aforementioned reasons, the Court affirms the Bankruptcy Court's November 28 Order. The Appellees' motion for an award of damages and costs is denied. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 26, 2008
Central Islip, New York

---

[9] Appellees also move for an award of damages and costs, pursuant to Rules 8011 and 8020 of the Federal Rules of Bankruptcy Procedure, against EDC for commencing and prosecuting a frivolous appeal.  However, in its discretion, the Court does not believe such an award is warranted in this case. Rule 8020 permits a district court to "award just damages and single or double costs to the appellee" if the court "determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous."  Thus, "Rule 8020 of the Fed. R. Bankr. P. adopts the provisions of Rule 38 of the Federal Rules of Appellate Procedure and provides the procedure to follow when an appeal is frivolous and sanctions are warranted."  *In re Maloni,* 282 B.R. 727 (1st Cir. Bankr. 2002); *accord In re Davis*, No. 03-CV-7926, 2004 WL 1336233, at *1 (S.D.N.Y. June 15, 2004).  "Frivolousness is determined . . . not in the abstract but in relation to the arguments actually made by the appellant."  *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005).  "Sanctions may be imposed when one party proceeds with an argument 'totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence.'"  *In re Drexel Burnham Lambert Group,* 995 F.2d 1138, 1147 (2d Cir. 1993) (quoting *United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, 381-82 (2d Cir. 1982)).  Although several decisions in this Circuit have suggested that "a clear showing of bad faith" also may be required for sanctions to be imposed, the Second Circuit has not yet decided this issue.  *See In re 60 East Street Equities, Inc.*, 218 F.3d 109, 119 (2d Cir. 2000) (collecting cases and declining to address this issue).  Of course, a party's mere failure to prevail on appeal is insufficient to support sanctions under Rule 38.  *See Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).  In the instant case, the Court finds no evidence of bad faith by EDC in bringing this appeal.  Moreover, even assuming that bad faith is not required, the Court concludes that sanctions are still unwarranted. Although the Court finds EDS's position to be extremely weak on this appeal, EDS attempted (albeit unsuccessfully) to cite to case authority and portions of the record that it believed supported its position.  Thus, in its discretion, the Court concludes that there is no basis for sanctioning EDC for bringing this appeal and Appellees' motion is denied.

14

* * *

The attorney for the Appellant EDC is David A. Nicolette, Esq., of Nicolette & Perkins, 3 University Plaza, Suite 503, Hackensack, NJ 07601.  The attorneys for Appellees Carlton Concrete Corporation, Inc. are Donald J. Carbone, Esq. and Susan M. Pascale, Esq., of Goetz Fitzpatrick LLP, One Penn Plaza, Suite 4401, New York, NY  10119.  The attorneys for Appellees 30 Main Construction Company, Inc., 125 Court Street, LLC, and Two Trees Management Company are Allen J. Ross, Esq., Bruce J. Zabarauskas, Esq., and Jose Aquino, Esq., of Thelen Reid Brown Raysman & Steiner, 900 Third Avenue, New York, NY 10022.